## Henry D. Bassett v. William Armstrong and Others.

Where plaintiff had a contract with a firm engaged in sawing lumber, by which they were to receive certain saw logs belonging to him, manufacture the same into lumber, ship the lumber to parties to whom the same had been contracted, receive the payment therefor, and pay over to him a certain amount per thousand feet, retaining the balance for their services, and the contract provided that the logs and lumber were at all times to be the property of plaintiff until he received the amount so to be paid him, and the logs were levied upon in the hands of the firm and as their property, — *Held*, That as against the officer making such levy, plaintiff was entitled to immediate possession of the logs, and might maintain replevin therefor.

*Heard May 25th. Decided June 2d.*

Case reserved from St. Clair Circuit.

The action was replevin. From the case as reserved, it appears that, on trial before a jury, the facts stated below having been given in evidence, upon the suggestion of the circuit judge presiding in said court that it was doubtful whether the plaintiff had such an immediate right to the possession of the property replevied as to entitle him to maintain an action of replevin therefor, the plaintiff submitted to a nonsuit, with leave of the court to move to set the same aside. The facts so proved are as follows:

That on the 27th day of March, 1857, the plaintiff was, and ever since has been, and still is, the owner of the steam saw mill situate on the shore of Lake St. Clair, in the state of Michigan, mentioned and referred to in the instrument of writing first hereinafter set forth, and on that day made, executed, and delivered to one William Jenny a writing in the words following:

"*Know all men by these presents*, That I, Henry D. Bassett, of the city of Chicago, state of Illinois, have appointed, and do by these presents nominate and appoint, William Jenny, of Mt. Clemens, state of Michigan, my agent, for the purpose of buying in my name and for me, a quantity of pine logs, for the purpose of supplying my steam saw mill, situated on the shore of Lake St. Clair, in said state of Michigan aforesaid. All his acts in any purchase of pine

logs, I hereby authorize; and will approve any and all stipulations and agreements to pay for such logs as he may thus buy in my name, and for me, I hereby ratify and approve."

"*Chicago*, March 27th, 1857."        "H. D. BASSETT."

That on the same day, the plaintiff made and entered into an agreement in writing with said William Jenny and one George Phelps, who were partners, in the business of manufacturing and dealing in lumber, and doing business under the name and style of Jenny & Phelps; which agreement is as follows:

"*This Contract and Agreement*, made in Chicago this 27th day of March, 1857, by and between Jenny & Phelps, of New Baltimore, state of Michigan, and Henry D. Bassett, of Chicago, state of Illinois, *Witnesseth as follows*, to wit:

"Said Jenny & Phelps agree to receive, raft, and saw any and all pine saw logs that William Jenny, one of the parties of Jenny & Phelps aforesaid, may buy for said H. D. Bassett, as his agent, as per contract and appointment made between said Jenny and Bassett, of this date.

"Said Jenny & Phelps agree further to manufacture said lumber as per contracts they have made with G. H. Richardson & Co., of Sandusky, Ohio, and with the Columbus Tub and Pail Manufactory of Ohio, and to ship said lumber to the parties named in such contracts, as agreed therein; that of all moneys received for such lumber, the sum of seven 50-100ths dollars shall be paid to said Bassett's order, and the balance that may be paid for said lumber shall be, or may be, paid to the said Jenny & Phelps; which amount shall be in full for their services for receiving, rafting, manufacturing, shipping, and for any and all labor performed by them as in this contract intended. Said logs, and the lumber sawed therefrom, shall be at all times the property of the said Bassett, until he is paid the full sum of seven 50-100ths dollars as aforesaid, on each and every thousand of said lumber manufactured as herein agreed.

"Signed in duplicate, in Chicago, on the day and date aforesaid." "H. D. BASSETT." "JENNY & PHELPS."

That under, and in pursuance of the authority conferred upon him by the instrument of writing first above set forth, the said William Jenny, as agent of the said plaintiff, and in his name and behalf, some time in the season of 1858, purchased a large quantity of pine saw logs, in or upon the banks of Black River, in the county of St. Clair, and at a distance of forty miles or over from said steam saw mill, and for the purpose of stocking said mill, amounting by measurement to two hundred thousand feet or over, board measure, and of the value of one thousand two hundred dollars or over; which logs were paid for by the plaintiff.

That said Jenny & Phelps, in pursuance of their agreement with the plaintiff above set forth, received the logs at the place where they were so purchased, and at their own expense caused the same to be rafted in the waters of Black River, and floated down the same to the mouth thereof, and from thence down the St. Clair River, and in the direction of the said mill, as far as the city of St. Clair, and about fourteen miles from the place from whence the same were rafted; at which latter place, being in the county of St. Clair aforesaid, on the 13th of November, 1858, said logs were seized by the defendant Cox, who was then a deputy sheriff of the county of St. Clair, by virtue of an attachment issued out of the circuit court for the said county, in favor of the said defendants Armstrong and O'Brien, against the goods and chattels, &c., of the said Jenny & Phelps, and were afterwards replevied by the plaintiff.

The plaintiff having made his motion to set aside the said nonsuit, the circuit court, after hearing the arguments of counsel, reserved for the opinion of this court the following question: Had the plaintiff under the circumstances so proven, such a right of possession of the property at the time of the commencement of this suit, as to entitle him to maintain his said action of replevin?

*L. Bishop*, for plaintiff, was stopped by the Court.

*W. T. Mitchell*, and *W. Grace*, for defendant:

Under our statute, the owner can not maintain replevin unless entitled to immediate possession.— *Comp. L.* § 5009; *Walpole v. Smith*, 4 *Blackf.* 304; *Ingraham v. Martin*, 15 *Me.* 373; *Beebe v. De·Baun*, 3 *Eng.* 510; *Chinn v. Russell*, 2 *Blackf.* 172. His right must exist at the time of the taking or detention.— *Gates v. Gates*, 3 *Mass.* 310; *Collins v. Evans*, 15 *Pick.* 63; *Wheeler v. Train*, 3 *Pick.* 255; *McIsaacs v. Hobbs*, 8 *Dana*, 268.

In this ·case, Jenny & Phelps, not the plaintiff, were the only persons entitled to immediate possession.

CAMPBELL J.:

The construction of the contract between the plaintiff and the firm of Jenny & Phelps is the only matter necessary to be determined. It is very clear that Jenny & Phelps had, under that agreement, no proprietary interest in the logs or lumber. They had no claim of property except in the proceeds after sale. And, being mere agents of Bassett, with an interest which could never attach, even to the proceeds, until they should have completed their labor on the lumber, and made sales, it becomes entirely unnecessary to decide what rights of possession they might have had against Bassett himself, to ensure the completion of their work. Being placed in a position which prevents them from completing it, the contract is, as to these logs, terminated, and Bassett is therefore entitled to recover them. The special purpose for which Jenny & Phelps received them was entirely defeated by the seizure on execution, which made it impossible for them to regain possession, and consequently deprived them of the power to complete the manufacture and sale of the lumber.

It must be certified to the Circuit Court for the county

of St. Clair, as the opinion of this Court, that the plaintiff had such a right of possession as entitled him to recover in the action.

The other Justices concurred.