## ALDEN & CO. v. CARVER.

1. REPLEVIN: CAUSE OF ACTION. To entitle the plaintiff in replevin to recover, it must appear that he was entitled to the possession of the property in controversy at the commencement of the action.
2. COMMON CARRIER: WAREHOUSEMAN. A warehouseman, with whom goods carried by a Railroad Company are stored, may retain possession of the same, when so instructed by the Company, until the "back charges" thereon are paid.

*Appeal from Pottawattamie District Court.*

. TUESDAY, JUNE 3.

REPLEVIN. Plaintiffs shipped the goods in controversy from St. Louis, by the way of the Hannibal and St. Joseph Railroad, as they claim, under a contract with the railroad company to take them at the place of shipment and deliver them at their destination, Council Bluffs, Iowa. At St. Joseph, the goods were placed on board the steamer Dacotah, for carriage to their destination. Defendant was a warehouseman at the Council Bluffs landing, and with him the goods were left, with instructions to collect the back charges, some $248. He also had charges for storage to the amount of thirty dollars. This $30 was paid after the suit was commenced, and a demand then made of the goods. Trial, verdict and judgment for defendant, for the amount of the back charges and interest, and plaintiffs appeal.

*Clinton* and *Tuttle* for the appellant.

*Street* and *Crawford* for the appellee.

WRIGHT, J. ([1]) — That plaintiffs were not entitled to the possession of the goods at the time this action was commenced, and that, as a consequence, the verdict against them upon that issue is correct, we entertain no doubt. And this for the reason, that while they did not and do not controvert the right of defendant to a lien on the goods until his charges as warehouseman were paid, and his right to retain their possession until such payment, the testimony is quite conclusive that such charges were not paid, and that there had been no demand until after the writ was issued. The petition was filed, the writ issued and placed in the hands of the sheriff; and after the officer, with his writ, and the plaintiffs had got to defendant's warehouse, the demand was made and charges paid. At the time the action was commenced, therefore, defendant was not in the wrong, and plaintiffs were not entitled to the possession of the property.

It is admitted that plaintiffs own the goods. The question in controversy, (aside from that above decided,) is, whether defendant had a right to retain their possession until the back charges were paid. There was no evidence that these had been paid by the plaintiffs. Nor does it appear, that the amount found by the jury was any greater than what was due to the carriers, with whom the contract was made. The amount due the steamer was paid by the railroad company. The defendant paid no back charges. From the pleadings, evidence, and instructions, it seems that plaintiffs denied their liability to pay the steamer's charges; they insisting that they contracted with the rail-

[1] BALDWIN, C. J., having been of counsel, took no part in the determination of this cause.

road company, and the goods were shipped upon the boat without their consent, express or implied. But this amount having been paid by the first carriers, we do not see how this claim of plaintiffs can avail them. True, it was paid after the commencement of the action, but while this is set up in a supplemental pleading, and issue thereon joined, it is nowhere, during the whole trial, intimated that the *time* of payment would change or affect defendant's rights. Indeed, it may be remarked, that aside from the petition, the pleadings and proceedings are strangely in conflict with the positions now assumed by the parties respectively. Thus, it is claimed that the Dacotah could not recover her charges, because she obtained possession of the goods without plaintiffs' consent, and that to entitle the common carrier to a lien for freight, the relation of debtor and creditor must exist between the owner and such carrier, so that an action of law might be maintained for the debt sought to be enforced by the lien. And yet, if this rule should be granted to its fullest extent, as fully as laid down in *Fitch* v. *Newberry*, 1 Douglass (Mich)., 1, it could make no difference, for such charges are not owing, nor claimed by the boat, but by the party with whom the contract of affreightment was originally made. And there is no dispute but what the relation of debtor and creditor existed between plaintiffs and the Company. And then, again, while the judgment for all the back charges in favor of defendant, who had paid nothing, may seem strange, yet when it is remembered that the parties made up the issues, and tried the whole case as if the carriers, one or both, were suing for the freight, and that there was no question made but that defendant might recover for whatever was due, we have a satisfactory explanation. And therefore, while under other circumstances we might incline ever so strongly to the views presented by appellants, upon some of the errors assigned, yet, as the

record stands, we do not see how we can consistently disturb the judgment.

Affirmed.