FABIAN TANDLER v. CHAS. H. SAUNDERS.

*Replevin for attached goods—Damages for use.*

1. One who has a right to use property at will can replevy it from any wrong-doer, as, for example, from a sheriff's officer who has taken it on an execution issued against another person.

2. A deputy-sheriff who has seized goods under an attachment has no right to make use of them while holding them; and therefore, when he prevails in an action of replevin against him, he has no right to damages for being deprived of their use

3. In replevin for goods wrongfully attached the fact that defendant in attaching them was a wrong-doer in respect to some third person can form no basis for investigation or judgment.

Error to the Superior Court of Grand Rapids. (Parrish, J.) January 15.—January 28.

REPLEVIN. Plaintiff brings error. Reversed.

*Peter Doran* for appellant. The owner of property is entitled to bring replevin for it when taken by a stranger from a person who has not sole possession: *Cannon v. Kinney* 4 Ill. 9; *Boise v. Knox* 10 Met. 40; *Bell v. Monahan* Dudley (S. C.) 38; *Crenshaw v. Moore* 10 Geo. 384; *Bassett v. Armstrong* 6 Mich. 3J7; a mortgagee, being entitled to immediate possession when desired, may maintain replevin when refused possession, as that operates as a default in the mortgage: Jones on Chat. Mtg. § 442; *Curd v. Wunder* 5 Ohio St. 92; *Simmons v. Jenkins* 76 Ill. 479; *Calkins v. Clement* 54 Vt. 635; *Packard v. Low* 15 Me. 48; if an execution be levied on the property mortgaged and it is taken from the mortgager's possession the mortgagee may maintain replevin: *Ashley v. Wright* 19 Ohio St. 291; *Quinn v. Schmidt* 91 Ill. 84; a person to whom property is delivered for safe keeping is not the person to bring replevin: *Ludden v. Leavitt* 9 Mass. 104; *Brownell v. Manchester* 1 Pick. 232; a levying officer cannot use the goods seized nor claim damages from the owner for the value of the use: *Barney v. Douglass* 22 Wis. 464; *Bartlett v. Brickett* 14 Allen 62; *Twinam v. Swart* 4 Lans. 270.

*Edward Taggart* and *A. C. Denison* for appellee. Plaintiff in replevin must have the right of possession at the beginning of suit: Wells on Replevin § 94; *Belden v. Laing* 8 Mich. 500; *Clark v. West* 23 Mich. 242; and it must be immediate and exclusive: *Hunt v. Chambers* 1 Zab. 620; *Russell v. Allen* 13 N. Y. 173; *Woolston v. Smead* 42 Mich. 54.

COOLEY, C. J. This is an action of replevin for a horse, buggy, harness, lap-robe, blanket and whip. The plaintiff's case was that he bought the articles of one Theodore Schultze, who gave him a bill of sale, reserving possession for six months. Plaintiff testified that during the six months he was to have the use of the articles whenever he desired. Within that time they were seized by the defendant, who is a deputy-sheriff, and who claimed to take them as the property of Schultze's wife against whom he had an attachment. The Superior Court held that the plaintiff did not have the right of possession, and therefore could not maintain the action. Also that the defendant was entitled to recover for the value of the use of the property while the plaintiff held it under the writ of replevin; and the defendant was awarded $71.50 for the value of such use.

The court was in error both on the main question in the case, and on the question of damages. If the plaintiff had a right to the use of the property at will, he had a right to replevy it from a wrong-doer (*Bassett v. Armstrong* 6 Mich. 397), and the defendant was a wrong-doer if the plaintiff was owner of the property. But whoever was owner of the property the defendant had no claim to such damages as were awarded to him. He set up no right to the property except under his writ; and while holding it under his writ he had no right to make use of. it. He had therefore no right to recover damages for having been deprived of the use. The suggestion made on the argument that he ought to recover such damages because he may be liable to respond to somebody else for the use of the property in case his levy for any reason shall fail to protect him, is one the force of which we cannot admit. If the defendant is right in his

claim that the property belongs to Mrs. Schultze, he may be justified in taking it, though he would have no legal right to make use of it for profit; if both parties are wrong in their claims, and defendant is in fact a wrong-doer as to some third person, it need only be said that the fact does not appear by this record, and if it did, it could form no basis for investigation or judgment in this suit.

A new trial must be awarded.

The other Justices concurred.