[15034. Department One.—July 13, 1893.]

JOSEPH FREDERICKS, RESPONDENT, v. MARY TRACY ET AL., APPELLANTS.

CLAIM AND DELIVERY—PLEADING—RIGHT OF POSSESSION AT TIME OF COMMENCEMENT OF ACTION.—To sustain an action of claim and delivery the plaintiff must have the right to the immediate and exclusive possession of the property at the time of the commencement of the action, and a complaint in such action averring that on a day two days prior to the commencement of the action, plaintiff was the owner and entitled to the immediate possession of the property, and that defendants refused to deliver the property upon demand made on the day of the commencement of the action, and unlawfully withhold possession, etc., does not state a cause of action.

ID.—ULTIMATE FACTS—PRESUMPTION OF CONTINUANCE OF RIGHT—EVIDENCE.—It is a cardinal principle in pleading that ultimate and not probative facts are to be pleaded; and though the fact that plaintiff was the owner and entitled to the possession of the property at a previous date is evidence from which the ultimate fact may be deduced by a presumption of continuance of the right, yet that principal has no application to the statement of facts in a pleading, and cannot dispense with the allegations of the ultimate fact of right of possession at the time of the commencement of the action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion.

H. I. Kowalsky, and T. J. Crowley, for Appellants.

The complaint is insufficient to support the findings and judgment, as it failed to allege that the plaintiff had possession of the goods at the time of the filing of the complaint. (Affierbach v. McGovern, 79 Cal. 268; Wells on Replevin, sec. 94; Miller v. Adsit, 16 Wend. 335; Perley v. Foster, 9 Mass. 114; Thompson v. Button, 14 Johns. 84; Dunham v. Wyckoff, 3 Wend. 281; Redman v. Hendricks, 1 Sand. 32; Hunt v.

*Chambers*, 21 N. J. L. 628; *Kingsbury* v. *Buchanan*, 11 Iowa, 337; *Noble* v. *Esperly*, 6 Port. [Ind.] 416; *Barrett* v. *Turner*, 2 Neb. 174; *Dickson* v. *Mathers*, Hemp. 65; *Sharp* v. *Whittenhall*, 3 Hill, 576; *Wheeler* v. *Train*, 3 Pick. 255; *Visher* v. *Smith*, 92 Cal. 60; *Baker* v. *Tales*, 16 Mass. 148; *Frizell* v. *White*, 27 Miss. 198; *Alden* v. *Carver*, 13 Iowa, 253; 81 Am. Dec. 430; *McCurdy* v. *Brown*, 1 Duer, 101; *Hill* v. *Robinson*, 16 Ark. 91; 1 Chitty on Pleading, 16th Am. ed., sec. 183.)

*Joseph Rothschild*, for Respondent.

The complaint was sufficient although it contained no general allegation that the plaintiff was the owner and entitled to the immediate possession of the property. (*Visher* v. *Smith*, 91 Cal. 260.)

SEARLS, C.—This was an action in claim and delivery.

Plaintiff had judgment, and S. Selig, one of the defendants, appeals. The cause comes up on the judgment-roll. The action was commenced on the nineteenth day of November, 1890.

The complaint avers that the plaintiff was on the seventeenth day of November, 1890, the owner and entitled to the immediate possession of all the following goods and chattels, to wit: (Then follows a description of the goods.)

That defendant without the consent of the plaintiff now detains said goods and chattels from the possession of said plaintiff; that on the nineteenth day of November, 1890, plaintiff demanded of the defendants possession of said goods and chattels, but to deliver possession thereof the defendant refused and still refuses; that defendant still unlawfully withholds possession, etc. The residue of the complaint is in the usual form. A demurrer was interposed upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant Selig thereupon and in due time answered, averring that on the eighteenth day of November, 1890, he purchased the property in question from his codefendant, etc.

Plaintiff had judgment as before stated.

The question is, Did the complaint state facts sufficient to constitute a cause of action? Replevin (claim and delivery) is an

action at law for the recovery of specific personal chattels, wrongfully taken and detained, or wrongfully detained, with damages which the wrongful taking or detention has occasioned. It is what we usually term a mixed action, being partly *in rem* and partly *in personam*—*in rem* so far as the specific recovery of the chattels is concerned, and *in personam* as to the damages. To sustain this action plaintiff must have the right to immediate and exclusive possession at the time of the commencement of his suit. It is a cardinal principle in pleading that ultimate and not probative facts are to be pleaded. The ultimate fact in such an action is, that plaintiff was at the time the action was commenced the owner of, or had some special property in the chattel, coupled with a right to the immediate possession thereof. The fact that he was the owner and entitled to the possession at a previous date is evidence from which the ultimate fact may be deduced, upon the principle that "a thing once proved to exist continues as long as is usual with things of that nature." (Code Civ. Proc., sec. 1963, subd. 32.) This principle, however, has no application to the statement of facts in a pleading. (*Alden* v. *Carver*, 13 Iowa, 253; 81 Am. Dec. 430.)

In *Afflerbach* v. *McGovern*, 79 Cal. 268, the complaint averred that plaintiff was the owner and entitled to the possession of the personal property on the twelfth day of August, 1880; the action was in claim and delivery, and was not brought until December, 1884. There was no demurrer filed to the complaint, but as may be done under our system, it was objected that the complaint did not state facts sufficient to constitute a cause of action. After stating that the complaint was clearly bad, the court added: "There is nothing in the complaint to show that at the time the action was commenced the plaintiff had any ownership or right to possession of the property." The alleged ownership and right to possession in that case was long before the suit brought, while here it is placed at a date only two days prior to the commencement of the action; but this does not alter the principle, which is that the plaintiff must show his ownership and right to possession at *the time the action is commenced*.

For this defect in the complaint the judgment should be reversed, with leave to the plaintiff to amend his complaint, and in making such amendment it is suggested that the de-

scription of the goods be made more definite by describing their situation, the building in which they were situate, that they constituted the furniture in a given house, or by such other method as will clearly identify them.

VANCLIEF, J., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, with leave to plaintiff to amend his complaint if he be so advised:

GAROUTTE, J., HARRISON, J., FITZGERALD, J.

Hearing in Bank denied.