[Sac. No. 101.   Department Two.—October 3, 1896.]

THE PEOPLE'S SAVINGS BANK OF FRESNO, RESPONDENT, *v.* T. E. JONES ET. AL. APPELLANTS.

CLAIM AND DELIVERY—RIGHT OF POSSESSION.—To sustain an action of claim and delivery, the plaintiff must have the right to the immediate and exclusive possession of the property sought to be recovered at the time of the commencement of the action, and an after-acquired interest will not support the action.

ID.—REMOVAL OF HOUSE FROM MORTGAGEE'S PREMISES—REPLEVIN PRIOR TO SHERIFF'S DEED—PREMATURE ACTION.—A mortgagee has no right of possession of the mortgaged premises when not authorized by express terms, and the mortgagor is entitled to remain in possession until the expiration of the time allowed for redemption; and when the mortgagor removed a house from the mortgaged premises during the period allowed for redemption, an action of replevin therefor by the mortgagee, brought prior to the expiration of that period, is premature, and cannot be maintained.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. J. R. WEBB, Judge.

The main facts are stated in the opinion. The instructions numbered 9, 10 and 11, alluded to in the opinion as having been asked by the defendants and refused by the court, were as follows: " 9. The jury are instructed: If you find from the evidence that the frame house was on the land bought by the plaintiff at the sale made under the decree of foreclosure, made on the twenty-fourth day of April, 1894, and if you further

find from the evidence that said house was removed from the land within six months from the time of such sale, and that this action was commenced before the period of six months from the date of said sale had expired, then you are instructed that at the commencement of this action plaintiff did not have the right to the immediate and exclusive possession of said frame house. 10. The jury are instructed: T. E. Jones and Annie E. Jones were entitled to the possession of all of the land sold under the decree of foreclosure, and to the possession of all of the fixtures and buildings on said land, for the full term of six months from the day of said sale, and the plaintiff had no right to the possession of said land, or of any of the buildings and fixtures thereon, until after the full period of six months from the date of the sale. 11. The jury are instructed: That plaintiff's title and right to the possession of the frame house sued for is founded only upon a purchase thereof made at the sale held under the decree of foreclosure introduced in evidence; and if you further find that this action was commenced before six months had expired from the day of said sale, then you are instructed that this action was commenced too soon."

*Sayle & Coldwell,* for Appellants.

To sustain this action plaintiff must have the right to immediate and exclusive possession at the time of the commencement of the suit. (*Fredericks* v. *Tracy,* 98 Cal. 658; *Affierbach* v. *McGovern,* 79 Cal. 268.) Plaintiff was not entitled to the possession at that time, as the defendants T. E. Jones and Annie Jones had until November 22d in which to redeem the property, and until that day were entitled to possession of the lots and of all the fixtures thereon. (Code Civ. Proc., secs. 702, 706; *Guy* v. *Middleton,* 5 Cal. 392; *West* v. *Conant,* 100 Cal. 233; *Robinson* v. *Thornton,* 102 Cal. 675.)

*George L. Warlow* and *H. H. Welsh,* for Respondent.

When real estate is sold by a sheriff the purchaser is

substituted to and acquires all the right, title, interest and claim of the judgment debtor thereto, subject to redemption. (*Foorman* v. *Wallace*, 75 Cal. 553; *Page* v. *Rogers*, 31 Cal. 301.) Plaintiff, by its certificate of purchase, acquired constructive possession and the legal right to preserve the property, until it was redeemed, in the same condition, as to improvements, in which it was at the date plaintiff became the purchaser. (*Foorman* v. *Wallace, supra; Sands* v. *Pfeiffer*, 10 Cal. 258.) Possession in defendant means the dry, naked occupancy of the property, and the use of it in the manner previously used. (Code Civ. Proc., sec. 706.)

Belcher, C.—The defendant T. E. Jones was the owner of two lots of land in the city of Fresno, on which he and his wife, the defendant Annie Jones, executed to the plaintiff two mortgages, one on the second day of March, 1892, and the other on the sixth day of May, 1892, to secure payment of certain promissory notes made by them. In April and May, 1893, the defendants caused a frame dwelling-house to be erected on said lots, which they thereafter occupied as their place of residence. The house rested on mudsills, which were placed on top of the ground. Afterward plaintiff commenced an action to foreclose its mortgages, and on April 24, 1894, a decree of foreclosure was duly and regularly made and entered, directing the sale of the said lots. By the decree a commissioner was appointed to make the sale, and thereafter, on May 22, 1894, he duly and regularly sold to the plaintiff all the property mentioned in the decree, and on the same day executed and delivered to plaintiff a certificate of such sale. The property sold was not redeemed, and on November 24, 1894, the commissioner executed and delivered to plaintiff a deed for all the property so sold.

On November 17, 1894, the defendants, without the knowledge of plaintiff, caused the house, erected by them as aforesaid and which they were then occupying with their family, to be removed about forty feet to and upon

an adjoining lot. Two days later, on November 19th, plaintiff commenced this action in claim and delivery to recover possession of the said house, or its value, alleged to be five hundred dollars, together with damages for its detention.

The complaint alleges that on the seventeenth day of November, 1894, the plaintiff was and still is the owner and entitled to the immediate possession of all the following goods and chattels, to wit: one frame dwelling-house, etc.; that, on the day named, defendants, without plaintiff's consent and wrongfully, took said goods and chattels from the possession of plaintiff, and still unlawfully withhold and detain the same, to plaintiff's damage, etc. The balance of the complaint is in the usual form.

The answer denies all the material averments of the complaint, and sets up that on the day the complaint was filed the plaintiff upon affidavit and undertaking required the sheriff of the county to take said house from the possession of defendants, and that he did take the same from the possession of the defendant Annie Jones, who is the owner and entitled to the possession thereof, to her damage, etc. Wherefore, judgment is asked for a return of the said property, or for its value, with damages.

The case was tried before a jury, and the verdict and judgment entered thereon were in favor of the plaintiff; from which judgment and an order denying their motion for a new trial the defendants appeal.

It is earnestly contended for appellants that the house never became a fixture on the land, and was never subject to the lien of the plaintiff's mortgage, and hence the plaintiff had no right to recover its possession. This proposition is controverted by respondent, but whether it be sound or not need not be considered in view of our conclusion upon another proposition.

The law seems to be settled by an unvarying line of decisions that, in order to maintain an action of this kind, the plaintiff must be entitled, at the time the ac-

tion is commenced, to the immediate possession of the property sought to be recovered.

In *Fredericks* v. *Tracy*, 98 Cal. 658, it was held that "to sustain an action of claim and delivery the plaintiff must have the right to the immediate and exclusive possession of the property at the time of the commencement of the action." And in Cobbey's work on the Law of Replevin it is said in section 94: "The right to the possession at the time of bringing the action is essential to a recovery. It cannot be maintained without showing either a general or special property in the plaintiff, together with the immediate right of possession." And again, in section 96, it is said: "An after-acquired interest will not support replevin. The plaintiff must have the exclusive right to the possession at the commencement of the suit. . . . . The plaintiff in replevin must prove a right to the possession at the time the action was commenced. In order to maintain an action for the recovery of chattels in specie, the plaintiff must have, as against the defendant, a present, unqualified right to the possession of the chattel in its present form, and hence, if there be any preliminary act or condition precedent to be performed before the unqualified right of possession attaches, the action cannot be maintained." And see the numerous authorities cited.

It is settled law in this state that a mortgage of real property does not pass the title to the mortgagee, and no right of possession is conferred by it when not authorized by express terms. (*Smith* v. *Smith*, 80 Cal. 323; *Hall* v. *Arnott*, 80 Cal. 348; *Locke* v. *Moulton*, 96 Cal. 21.)

It is true that when a mortgage is foreclosed and the property sold the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto, subject to redemption; and the certificate issued to the purchaser "is the evidence of a sale, whereby, subject to the right of redemption and of possession in the judgment debtor for the time allowed therefor, the entire equitable title is vested in the pur-

chaser, subject to be defeated by redemption." (*Foorman* v. *Wallace*, 75 Cal. 556.)

In case of such a sale the judgment debtor is entitled to remain in possession of the property until the expiration of the time allowed for redemption, and during that period the purchaser has and can assert no right to the possession thereof, though on his application the court may restrain the commission of waste on the property. (Code Civ. Proc., sec. 706; *West* v. *Conant*, 100 Cal. 231.)

When this action was commenced the time allowed by the statute for redemption had not expired, and the plaintiff was therefore not entitled to the immediate possession of the property. This being so, the action was prematurely brought, and the court erred in refusing to give the instructions, numbered 9, 10, and 11, asked by defendants.

The judgment and order appealed from should be reversed and the cause remanded.

Searls, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded.

McFarland, J., Temple, J., Henshaw, J.