[Civ. No. 2643. First Appellate District, Division One.—March 31, 1919.]

## A. H. ALCHIAN, Respondent, v. R. W. MacDONALD, Appellant.

[1] SALES—PAYMENT BY CHECK — RESCISSION — RIGHT TO PROPERTY — CLAIM AND DELIVERY.—If the purchaser of an automobile from the representative of the owner delivers to such representative his postdated check, payable to such representative, for the amount of the purchase price, and takes possession of the automobile, but before such check becomes payable redelivers the automobile to the owner and stops payment on the check as to both the owner and the representative, he withdraws the entire consideration for, and works a complete rescission of, the sale as effectually as if the check had been returned to him, and thereafter he has no interest in, or right of possession of, the automobile, and may not maintain an action in claim and delivery therefor.

APPEAL from a judgment of the Superior Court of Fresno County. D. A. Cashin, Judge. Reversed.

The facts are stated in the opinion of the court.

Geo. G. Graham for Appellant.

Harry Sarkisian for Respondent.

WASTE, P. J.—This is an action in claim and delivery for one automobile. The plaintiff had judgment and defendant MacDonald, alone, appeals.

Defendant MacDonald was purchasing an automobile, under contract of sale, from the E. L. Peacock Auto Company of Oakland. He desired to dispose of the car without the fact becoming known to a number of parties to whom he was indebted. He proposed to defendant Haig, and the latter joined him in executing, a plan whereby this might be done, they to divide the profit over and above a specified amount. Thereupon both defendants, representing themselves as owners of the automobile, offered to sell the same to plaintiff, in consideration of the payment of the sum of seven hundred dollars. Upon their agreeing to perfect title in themselves plaintiff delivered to defendant Haig a post-dated check, payable to Haig, for the amount of the purchase price, and took possession of the automobile. Both defendants signed and delivered to plaintiff a bill of sale of the car. Plaintiff's purpose in post-dating his check was, he testified, "in order to find out if it [the automobile] was clean and clear, that is, so I could get clear title to it. If the title did not vest in me I intended to stop payment of the check."

On the day following the delivery of the automobile to plaintiff, defendant Haig, at the request of defendant MacDonald, and as agreed between the two, paid to the real owner of the car, the balance of the purchase price, and received a bill of sale thereto, together with a transfer to himself of the policy of insurance covering the car. He delivered both of these documents to plaintiff.

A disagreement arose between defendants Haig and MacDonald over the matter. MacDonald communicated this fact to plaintiff and asked for a rescission of the sale, and return

of the car, offering to restore the check to plaintiff. Plaintiff prepared and MacDonald signed a document which read as follows:

"Fresno, California, January 31, 1918.

"I, the undersigned, call the sale of one Apperson roadster car, factory No. 15094 canceled to A. H. Alchian and I will send the check of $700 to him made on Samuel H. Haig, which I also consider void, and I have also taken possession of the same car.

"Signed.    R. W. MACDONALD."

Relying on this signed agreement, which he retained, plaintiff returned the automobile to MacDonald and promised to cancel the check, when it was restored to him. The check was not returned. The plaintiff stopped payment and subsequently brought this action.

MacDonald had in the meantime mortgaged the automobile to a third party, in whose possession it was, and from whom the sheriff took it under the claim and delivery proceedings. The mortgagee made a third party claim to protect against which a bond was given. The mortgagee was not made a party to the action.

[1]  The main question to be determined on this appeal is: Was plaintiff entitled to possession of the automobile at the time of the commencement of the action? He had tentatively closed the deal by delivery of a post-dated check "subject to cancellation," as he so testified, "if I did not get the car." Five days after giving the check, and eleven days before it became payable, he voluntarily prepared, and took from MacDonald the document canceling the sale to himself, and acknowledging delivery of possession to MacDonald. With his full consent, MacDonald took entire possession of the car.

Ordinarily, stopping payment of a check does not discharge the liability of the maker to the holder. (7 Corpus Juris, par. 429, and cases cited.) But in the present case, Haig, the holder of the check, was merely acting for, and as the agent of, MacDonald. He had entered into a scheme of misrepresentation and concealment for the purpose of assisting the latter in more readily disposing of his interest in the automobile, and became the convenient medium for the roundabout transfer of the title of the car from defendant MacDonald to the plaintiff. The plaintiff was not concerned with any agreement be-

tween the two defendants, looking to a division of the proceeds of the sale. When he redelivered the automobile to one of them, and stopped payment of the check as to both, he withdrew the entire consideration for, and worked a complete rescission of, the sale, as effectually as if the check had been returned by the defendants for cancellation.

The plaintiff did not, at the time of the commencement of the action, have any interest in, or right of possession of, the automobile. He was, therefore, not in a position to commence or maintain it. (*Garcia* v. *Gunn,* 119 Cal. 315, [51 Pac. 684]; *Fredericks* v. *Tracy,* 98 Cal. 658, [33 Pac. 750].)

In view of the conclusion we have reached, we do not deem it necessary to pass upon the other points made on this appeal.

The judgment is reversed.

Kerrigan, J., and Richards, J., concurred.