[Civ. No. 3529. Third Appellate District.—August 17, 1928.]

STANLEY W. SMITH, INC. (a Corporation), Respondent,
v. W. M. PILGRIM, Appellant.

Joe Crail, Harold C. Morton, and Claude A. Shutt, for
Appellant.

Overton, Lyman & Plumb for Respondent.

BARTLETT, J., *pro tem.*—This is an appeal from a judg-
ment in a claim and delivery action, awarding plaintiff pos-
session of a Peerless automobile, and damages for its deten-
tion. The complaint alleges that at the time of its filing,
which was on November 30, 1925, plaintiff owned the auto-
mobile in question, that it was in possession of defendant,
that plaintiff had demanded possession before bringing its
suit, that defendant refused to deliver possession, that the

car was of the value of $1,000, and that plaintiff had been damaged through defendant's detention of the automobile in the sum of $250. Defendant, by an amended answer, filed on February 16, 1926, denied that plaintiff, when the complaint was filed, or at any time subsequent to August 5, 1925, owned the automobile, or was entitled to its possession; alleged that its value was $2,000; denied any damage to plaintiff by reason of defendant's detention of the car; and as an affirmative defense asserted a damage to defendant of $1,000 occasioned through plaintiff taking possession of the car in the action; and asked that the car be redelivered to him. or for judgment in his favor of $2,000 in the event the car could not be redelivered.

The trial court found that plaintiff was on July 30, 1924, the owner of the automobile in question, and was on September 1, 1925, and ever since then entitled to the immediate possession of the same; that defendant was in possession of the property when the complaint was filed; that before the action was commenced and while defendant was in possession plaintiff demanded possession of the property from defendant; that defendant refused and continued to refuse to deliver possession of the property to plaintiff; that when possession was demanded plaintiff was entitled to the immediate possession of the property; that the property has been delivered by the sheriff of Los Angeles County to plaintiff under process issued in the action; that it is not true that the taking of possession by plaintiff was without right; that it is not true that defendant is entitled to judgment for the return of the property or for $2,000 or any other sum; and that it is not true that defendant has been damaged in the sum of $1,000 or any other sum.

Except as to the ownership in plaintiff on July 30, 1924, the findings are silent upon that question, as are also the conclusions of law announced, these being that plaintiff is entitled to the possession of the personal property described, and to judgment for the sum of $150 and costs of suit, and that defendant take nothing in the action.

There is no direct finding of the trial court upon the ownership of the automobile on November 30, 1925, the date of the filing of the complaint, nor is any direct finding made upon the averment in defendant's affirmative defense that

since August 5, 1925, he has been the owner of the property. The answer to the complaint put the question of ownership in issue, as did also the affirmative defense. In this case the question of who was entitled to the possession turns entirely upon a determination of which of the parties owned the property when the action was commenced. Ownership, either general or special, and right to possession, are the material matters presented for consideration in actions in replevin.

"It may be stated as the well-settled general rule that it is necessary to allege both the ownership, either general or special, and the right to immediate possession in a complaint for replevin, and where it is alleged merely that the plaintiff is entitled to the immediate possession of the property, without alleging either general or special ownership in the property, the complaint is not sufficient, for the reason that the allegation of the right to immediate possession standing alone is a mere legal conclusion." (23 R. C. L., p. 925, sec. 93.)

That this is the rule obtaining in California is established by many decisions of the supreme and appellate courts of this state.

In *Garcia* v. *Gunn*, 119 Cal. 315 [51 Pac. 684], the doctrine is thus stated: "Replevin is based on the supposition that plaintiff has a general or special property in the goods in dispute and a right to their immediate possession, and that defendant stands in the way of the exercise of this right."

In *Boles* v. *Stiles*, 188 Cal. 304 [204 Pac. 848], an action brought to recover possession of an automobile, it is said: "It has long been the settled rule in this state, as in other jurisdictions, that in order to sustain an action in claim and delivery a plaintiff must have the right to immediate and exclusive possession of the property at the time of the commencement of the action (*People's Sav. Bank* v. *Jones*, 114 Cal. 422 [46 Pac. 278]), and one who has the right to the use of property at will may replevy it. (*Garcia* v. *Gunn*, 119 Cal. 315, 322 [51 Pac. 684]; *Tandler* v. *Saunders*, 56 Mich. 142 [22 N. W. 271].) One who is the owner of or has some special property in a chattel, coupled with a right

to the immediate possession thereof, may maintain the action. (*Fredericks* v. *Tracy,* 98 Cal. 658 [33 Pac. 750].)"

In *Alchian* v. *MacDonald,* 40 Cal. App. 505 [181 Pac. 77], the court says: "The plaintiff did not at the time of the commencement of the action have any interest in, or right of possession of the automobile. He was, therefore, not in a position to commence or maintain it. (*Garcia* v. *Gunn,* 119 Cal. 315 [51 Pac. 684]; *Fredericks* v. *Tracy,* 98 Cal. 658 [33 Pac. 750].)"

In *Sidney* v. *Wilson,* 67 Cal. App. 282 [227 Pac. 672], which was a replevin case concerning an automobile, the court says: "As set forth in the case of *Beggs* v. *Smith,* 26 Cal. App. 532 [147 Pac. 585], where many authorities are cited, mere possession of the subject matter of a claim and delivery action will not suffice. In order that an action of such character may be sustained, it is necessary not only that plaintiff show possession of the property, but as well, that he is entitled to such possession."

In *Normart* v. *Safer,* 67 Cal. App. 507 [227 Pac. 943], it is said: "In the present case the plaintiff's claimed right to the possession of the property is founded solely upon his alleged ownership thereof. He failed, according to the trial court's decision, to establish his ownership of said property, and with such failure his claim of right to the possession of the property also failed."

In *Parke* v. *Franciscus,* 194 Cal. 284 [228 Pac. 435], the statement therein that, "In an action of claim and delivery the claimant is not called upon to establish ownership, merely a right to the possession of the thing" is not at variance with the general doctrine hereinbefore stated that ownership either general or special, must be established by a claimant to warrant recovery of the property. In the decision in *Parke* v. *Franciscus, supra,* it is said on page 289 of the opinion: "The court found that Parke and Brown were not, and that they had not been, the owners and entitled to the possession of the automobile in controversy, and that Franciscus was the owner of and entitled to possession thereof." There was no failure of the court to find on the question of ownership raised by the pleadings, like that presented in this action.

In the case of *Connell* v. *Hogg*, 181 Cal. 730 [186 Pac. 134], it was held that one holding a lien on an automobile for repairs had at most no more than a lien upon the machine for the balance due him for the repairs made. He had a special ownership in the property by virtue of his lien, and the judgment was reversed, with directions to determine the amount due him for the repairs he had made.

In the case at bar plaintiff was required to prove ownership of the automobile on November 30, 1925, and right to its possession on that date to entitle it to a judgment. The claim of defendant that he then owned the property and had owned it from August 5, 1925, if established by the evidence offered on the trial was a complete defense to plaintiff's action. Which of the parties owned and was entitled to possession of the automobile on November 30, 1925, was the ultimate fact for determination by the trial court. Both parties were entitled to findings on the material issues raised by the pleadings. No finding on the vital question of ownership on the date the complaint was filed was made. That findings on the issue of ownership in actions in replevin are material and must be made to warrant a judgment where presented, as they are by the pleadings in this case, cannot be questioned.

The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 15, 1928.

All the Justices present concurred.