CASE 66—TRAVERSE—MARCH 17.

# Caperton, &c., v. Stege.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. WHERE A LEASE GIVES THE TENANT THE RIGHT TO ERECT IMPROVEMENTS DURING THE LEASE, WITH THE RIGHT TO REMOVE THEM upon the expiration of the lease, he is entitled to a reasonable time after the expiration of his term in which to remove his improvements, with the right of ingress and egress for that purpose, but he is not entitled to occupy the premises after the expiration of the lease, that not being necessary in order to enable him to remove the improvements.

2. SAME.—Where negotiations were pending for several weeks after the expiration of such a lease for the purchase by the lessor of the im-

provements erected by the lessee, and the negotiations finally failed, the lessee was entitled to a reasonable time after the negotiations were abandoned in which to remove his improvements.

AUGUSTUS E. WILLSON for appellants.

1. Only an *express* contract could secure to Stege the right to remain after his term expired. (Gen. Stat., chap. 66, art. 1.)

2. This was a summary proceeding for forcible detainer, and the sole question in such proceeding is the right of possession at the time the writ issues. The title is not in issue. (Civil Code, sec. 452; Jones v. Overton, 4 Bibb, 534; Taylor v. White, 1 Mon., 37; Maddox v. Helm, 5 Litt., 185; Childs v. Stevens, 3 Mar., 340; Smith v. White, 5 Dana, 382; Penny v. Skirvin, 9 B. M., 238; Dils v. Justice, 10 Ky. L. R., 547; Estes v. McIntosh, 9 Ky. L. R., 980; Collins v. Karratstapsky, 33 Ark., 328; McQuirck v. Bussey, 93 Ill., 38 Ill., 98, 237; 70 Ill., 205; 50 Ill., 326; 45 Ill., 250; 18 Ill., 539; Kepley v. Luke, 106 Ill., 397; Yocum v. Lovell, 107 Ill., 209; Spence v. Anderson, 108 Ill., 415; Gruenwald v. Schaales, 17 Mo. Ap., 324; Newton v. Lary, 64 Wis., 190; Van Ness v. The State, 93 Ind., 211; 4 Minor's Inst., 466; Mendel v. Hall, 13 Bush, 234.)

Irvine v. Scott, 85 Ky., 260, commented on.

WILLSON & THUM, BURTON VANCE of counsel on same side.

O. A. WEHLE for appellee.

1. Conduct of the landlord, by which he equitably estops himself from ousting his tenant, may be given in evidence at the trial, and will defeat proceedings of forcible detainer, though the tenancy may have ended on a day certain. (Irvine v. Scott, 85 Ky., 260.)

2. Where, by agreement, disadvantages to one party are to follow unless he does a certain act within a certain time, and before the end of the time negotiations are begun between the parties, which, if successful, would dispense with the act, then, if the negotiations fail, the running of the time within which such act was to be done is deemed suspended by the negotiations. (Hughes v. Metropolitan R'y Co., L. R. 2 App. Cas., 444.)

3. As long as the tenant retains the right to remove buildings erected on the premises, so long has he, by necessity, the right of possession to the part of the premises covered by the buildings, because by surrendering possession he would abandon the right of removal. (Taylor on L. and T., sec. 551; Wood on L. and T., sec. 532.)

4. Where the lease provides that the tenant may remove buildings erected by him "at" or "on" the expiration of the term, he may use the buildings during the whole term, and remove them within a reasona-

Caperton, &c., v. Stege.

ble time thereafter. (Burk v. Hollis, 98 Mass., 55; Smith v. Park, 31 Minn., 72; Cheatham v. Plinke, 1 Tenn. Ch. R, 576.)

5. Where, before the expiration of a lease, the landlord enters into negotiations for the purchase of buildings erected by the tenant. and extends the negotiations beyond the term, his conduct gives to the tenant implied consent to continue the occupation for an indefinite time after the end of the term until the end of the negotiations, and makes the tenant a tenant at will, so that he is entitled to one month's notice to quit. (Wood on Landlord and Tenant, secs. 14, 15; Learned v. Hudson, 60 N. Y., 102; Hollingsworth v. Stennett, 2 Esp., 717.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

James Guthrie leased to the appellee a vacant lot of ground in the city of Louisville for the term of twenty years, the lease expiring on the tenth day of June, 1887. By the agreement, appellee had the privlege of erecting improvements on said lot at any time during the lease, and to remove the same from the lot on the expiration of the lease. About two or three weeks, perhaps more, before the lease expired, the appellants, one of whom is the daughter of said Guthrie. and the other her husband, notified the appellee that he would not be permitted to renew the lease, and the appellants proposed to buy the improvements, paying therefor the value of the material, the appellee agreeing. but about the value of which they differed, which caused the negotiation concerning the same to pend for several weeks after the expiration of the lease. The parties finally failing to agree, the negotiation was abandoned; and the appellee, still holding the possession of the property, and collecting rents therefor, claiming that he had a right to a reasonable time, after the termination of said negotiation, to remove said improvements, and to remain in the possession of the property during the time that it

Vol. 91—23.

required to remove the improvements, the appellants brought this action of forcible detainer of said property, the trial of which, upon appeal to the Law and Equity Court, resulted in a verdict and judgment for the appellee; and the appellants have appealed.

The court instructed the jury, in substance, that by the terms of the lease, the appellee had the right to use and occupy the leased premises during the entire term; that he was not required to remove the improvements before the expiration of the term, but was allowed a reasonable time after the expiration of said lease in which to remove said improvements; and he had a reasonable time in which to remove said improvements after the negotiation concerning the purchase of the same had been terminated, provided the negotiation was conducted in good faith on the part of the appellee; and he had the right of occupancy during said time. By the terms of the lease the appellee had the right to use and occupy the improvements during the entire term, and to remove the improvements on the expiration of the term, and to require him to remove the improvements before the expiration of his term would violate his contract right to use and occupy them on the premises until the expiration of his term; and to refuse him the right to remove them after the expiration of the lease, provided he did it in a reasonable time, would cause him to lose his property by availing himself of his contract right. Hence, the law implies his right to remove the improvements within a reasonable time after the expiration of the lease.

This implication arises in order that justice may be

done—to prevent an injustice—and the implication extends no farther. Here, not to allow the appellee a reasonable time after the expiration of the lease, or of the termination of the negotiation, in which to remove the improvements, would, as he had the contract right to use and occupy them on the premises until the expiration of the lease, be unjust; but no injustice would be done him to require him to surrender the possession of the lot on the expiration of the lease, subject, however, to his right of ingress and egress to remove his improvements. To allow him to occupy the premises during the time required to remove the improvements should not be implied, because not necessary to prevent a failure of justice. The implied right is that of removal, not that of occupancy, as the latter is not necessary to the removal of the improvements. The instruction as to the right of occupancy is erroneous.

The judgment is reversed.

To a petition for rehearing Judge BENNETT delivered the response of the court:

The error of the lower court, as we held, consisted in the fact that the court held that the appellee was entitled to occupy the premises during the time which the law allowed him to remove the improvements, we holding that the appellants were entitled to the possession of said premises on the date that the lease expired, but consistently with the appellee's right of ingress and egress with a sufficient force to remove the improvements. The appellee contends that this rule applies to larger bodies of land only, not to small

bodies that are nearly all covered by the improvements ; but it seems to us that the smallness of the right ought not to change the principle ; that because the appellant would not have a great number of acres upon which to enjoy his right consistently with that of the appellee, the latter's right is not increased for that reason ; that he can not, for that reason, occupy the premises, rent them out, and pocket the rent. We have been educated to believe that a person owning a nickel toy, usually intended for the amusement of children, is as much entitled to the enjoyment of it as he would be to a fine horse.

The petition is overruled.