JAMES DAVIDSON v. THE CRUMP MANUFACTURING COMPANY.

99  501
119  686

*Landlord and tenant—Construction of lease—Right to remove buildings.*

Where a lease reserves to the lessee the right, at the end of his term, to remove all buildings placed upon the leased premises, he is entitled to ingress and egress, rent free, for a reasonable time after the expiration of the lease, for the purposes of such removal.

Error to Bay. (Cobb, J.)   Argued March 8, 1894. Decided March 27, 1894.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*McDonell & Hall,* for appellant.

*Pratt, Van Kleeck & Gilbert,* for defendant.

HOOKER, J.   The defendant leased the premises in con-
troversy upon the 1st day of May, 1881, for the period of
five years, entering at once.   Upon these premises it
erected an extensive manufactory.   On May 1, 1886, when
the lease expired, it obtained another lease of the premises
from the plaintiff, who had meantime purchased them.   This
lease was for the term of "five years next ensuing the 1st
day of May, 1886, fully to be complete and ended," at an
"annual rent of $200, to be paid in advance quarterly
installments," at the office of the lessor, "on the 1st day
of May, August, November, and February," in each year.
The lease contained the further provision:

"And the said parties of the second part, for them-
selves, their executors, administrators, and assigns, do
covenant well and truly to pay or cause to be paid unto
the said party of the first part, his successors and assigns,
at the days and times above mentioned, the rent above
reserved, and are to be entitled, at the end of this term,
to remove all buildings placed upon said premises, pro-
vided all the rents accrued thereon are paid; and, at the
end of said term, shall and will peaceably and quietly
leave, surrender, and yield up the said premises unto the
said party of the first part, his successors and assigns."

The defendant occupied the premises for the prosecution
of its business up to May 1, 1891, though there is evidence
that it began the removal of its property earlier, and
thereafter proceeded diligently therewith, and finished
about July 1, which appears to have been reasonable dis-
patch, as the jury found.   On May 12, plaintiff sent the
following letter to the defendant:

"WEST BAY CITY, MICHIGAN, May 12, 1891.
"CRUMP MANUFACTURING CO.,
          "West Bay City, Mich.
"*Gentlemen:*  We are very badly in need of the land
now occupied by you under lease which expired May 1,
1891.   Please have the buildings, etc., removed at once.
Inasmuch as we did not receive hardly anything for rent
of the land under your lease, we will not be able to let

you have the use of the land, from the expiration of your
lease until the buildings are removed, at the same rate, or
for less than $50 per month.    We do not want the rent.
as badly as we want the land.    Please remove the build-
ings, etc., at once.

"Yours very truly,<br>
"JAMES DAVIDSON."

Subsequently plaintiff left at the defendant's place of
business a bill for rent, for the period of two months and
13 days, at the rate of $50 per month.    Payment was
refused, and this action was brought for the use and
occupation of the premises during the time that elapsed
after the 1st of May, and before the removal was com-
pleted.    The defendant claims that it was entitled under
the lease to a reasonable time after May 1 to remove its
property, while plaintiff claims that it should have removed
it during its term, preceding May 1.

The express terms of the lease allow the removal "*at
the end of this term.*"  Upon plaintiff's theory, it was
unnecessary to mention the subject of removal in the
lease, as counsel admit in their brief that without it
defendant would have had the right to remove at any
time *before* May 1.    It is evident that this clause was not
inserted to limit defendant's rights of removal, but to pro-
tect them.    It says nothing about its losing them if the
property should not be seasonably removed, but, on the
contrary, it expressly says that defendant shall have a
*right* to remove *at* the end of the term, when, under the
law as generally understood, unless otherwise agreed, it
would be its duty to remove before yielding up possession.
Clearly, if any force is to be given to this provision, it is
that, after the expiration of the term, defendant should
be permitted ingress and egress for a reasonable time to
remove its property.    The following cases cited by counsel

for defendant accord with this view: *Cheatham v. Plinke,* 1 Tenn. Ch. 576; *Caperton v. Stege,* 91 Ky. 351.

The judgment of the circuit court must be affirmed.

The other Justices concurred.