BODWELL WATER POWER CO. *vs.* OLD TOWN ELECTRIC CO.

Penobscot.    Opinion January 8, 1902.

*Electricity.   Forcible Entry and Detainer.   Lease.   Fixtures.   Quasi Public
Corporations.   R. S., c. 94, § 1.*

R. S., c. 94, § 1, which provides that an action of forcible entry and detainer
may be maintained against a tenant holding under a written lease, "at the
expiration or forfeiture of the term, without notice, if commenced within
seven days from the expiration or forfeiture of the term," is applicable
where such tenant is a quasi public corporation, engaged in the business
of supplying electricity, for lighting and other purposes, to municipalities
and their inhabitants.

The lease, in this case, from the landlord to the tenant, contained this pro-
vision:   "At the termination of this lease the said Bodwell Water Power
Company (the landlord) shall at its option either buy or allow to be removed
the property of said Old Town Electric Company."

*Held;* that the only purpose or effect of this provision was to give the tenant
a right to remove its property after the term provided in the lease had
expired, unless the landlord exercised its option to purchase, a right which,
without this clause, the tenant would not have had; that it did not post-
pone the expiration of the term beyond the time provided in the lease,
nor prevent the maintenance of this action of forcible entry and detainer
commenced within seven days from the expiration of such term.

On report.    Judgment for plaintiff.

Forcible entry and detainer brought to recover possession of a
mill-site adjacent to the dam of the plaintiff company on the Penob-
scot river at Milford.

The case came to this court below on appeal from the Old Town
Municipal Court.

Defendant company had erected its own building on the demised
premises and placed therein its own machinery of the usual kind for
generating electricity, which it was engaged in supplying for lighting
and power purposes in Old Town, Milford and vicinity.

By a clause in the lease the plaintiff company was given the option

at the end of the term to buy the defendant company's property or allow it to be removed.

Prior to the commencement of this suit no steps had been taken by plaintiff company under this clause.

*C. H. Bartlett,* for plaintiff.

It was the option of plaintiff to buy, not that of defendant to retain possession.

The action is not premature. *Franklin Land, Mill and Water Company* v. *Card,* 84 Maine, 528.

Until the defendant set a price on its property, it is submitted that the plaintiff could not know whether it would buy or not. Therefore plaintiff could not give a notice that it was willing to buy.

The service of the writ was notice to the defendant that plaintiff did not care to buy.

The election by plaintiff not to buy was final and cannot be revoked. *Bryant* v. *Erskine,* 55 Maine, 153.

The landlord never agreed to purchase at all, but only agreed to allow the tenant to remove its property at the termination of the lease.

*W. H. Powell; Alphonso A. Wyman* of the Boston bar, for defendant.

Defendant is a quasi public corporation and the law puts upon it unusual and extraordinary burdens to serve the public faithfully and impartially and at reasonable rates. And this is a duty the performance of which may be enforced by the courts. *The Brunswick Gas, Light and Power Co.* v. *The United Gas, Fuel and Light Company,* 85 Maine, 532, 35 Am. St. Rep. 385.

The action is prematurely brought. A lease is construed in favor of the lessee when words are doubtful. *Sweetser* v. *McKenney,* 65 Maine, 225; *Cook* v. *Bisbee,* 18 Pick. 527.

What would be a reasonable time for removal would depend upon all the circumstances in the case, the character of the business of the defendant company, and the season of the year when the lease expired. *Howe* v. *Huntington,* 15 Maine, 350; *Saunders* v. *Curtis,* 75 Maine, 493; *Chapman* v. *Dennison Co.,* 77 Maine, 205; 1 Washburn on Real Property, 292.

Under the clause in the lease it devolved upon plaintiff to notify the defendant of its election not to buy and request the removal.

Counsel also cited *Holsman* v. *Abrams*, 2 Duer, (N. Y.) 435.

SITTING : WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J.    Action of forcible entry and detainer.

By a written lease dated Dec. 1, 1889, the plaintiff leased to the defendant the premises, possession of which is sought to be recovered in this action, for a term of ten years from that date.    During the continuation of the term of the original lease, the parties by an indenture extended the term for one year from Dec. 1, 1899, subject to all the terms, provisions, restrictions and agreements of the original lease.    The extended term, therefore expired on Dec. 1, 1900.

On Dec. 7, 1900, within seven days from the expiration of the term, this process was commenced by the plaintiff.    By R. S., c. 94, § 1, it is provided that the process of forcible entry and detainer may be maintained, "against a tenant holding under a written lease or contract, or person holding under such tenant, at the expiration or forfeiture of the term, without notice, if commenced within seven days from the expiration or forfeiture of the term."

It is urged in defense that this process cannot be maintained, or that it was prematurely commenced, for two reasons.    First, because the Oldtown Electric Company, the defendant, is a quasi public corporation, being engaged in supplying electricity to the city of Oldtown and the towns of Milford and Orono, and that inasmuch as the law puts upon such corporations unusual and extraordinary burdens, this statute, which allows the commencement and maintenance of this process against a tenant holding under a written lease, without notice, if commenced within seven days from the expiration of the term, does not apply when the tenant is a corporation of this character.    We are unable to read into the statute any such exception, and we know of no reason why the owner of land leased to such a corporation should not have the same rights as other landlords.    If, however, there is any such reason it should be made to appear to the legislature and not to the court.

Next, it is urged that this process was prematurely brought because of the following clause in the original lease, which, of course, was equally in force during the extended term :   "At the termination of this lease the said Bodwell Water Power Company, shall at its option either buy or allow to be removed the property of said Old Town Electric Company."   It is urged that by reason of this provision the term of the lease did not expire until after the Bodwell Water Power Company had exercised its option either to buy or allow the property of the Electric Company to be removed.

In support of this position the case of *Franklin Land, Mill and Water Company* v. *Card*, 84 Maine, 528, is relied upon and claimed to be directly in point.   But we do not think that the case is applicable; the clause of the lease construed in that case was : "At the expiration of this lease said Franklin Land, Mill and Water Company are either to renew the same for another term of years at the present, or a then fair rate, that the respective parties may agree upon, or the said parties are to buy said mill at such price as they, the parties of the second part may agree upon," etc.   The court held that the terms of the lease implied a continual tenancy until the defendant should be paid his authorized outlay in the construction of the mill which the landlord agreed to purchase if it did not renew the lease.

In this case there is no such implication.   The lease contains no covenant, conditional or absolute, upon the part of the landlord to renew the lease.   It seems to us very evident that the whole purpose and effect of this clause was to give the tenant a right to remove its property after the expiration of the term provided in the lease, unless the landlord exercised its option to purchase, a right which, without this clause, the tenant would not have.   While a tenant at will, occupying for an uncertain period, has a right to remove fixtures within a reasonable time after the termination of the tenancy, *Sullivan* v. *Carberry*, 67 Maine, 531, in the case of a tenant under a written lease for a fixed and definite time, this right of removal must be exercised during the continuation of the term, and if it is not done the right to remove is lost.   *Davis* v. *Buffum*, 51 Maine, 160.

By reason of this provision, then, the tenant acquired the important right to remove its property, unless the landlord saw fit to purchase,

after the expiration of the term. In our opinion the clause had no other effect and does not prevent the commencement and maintenance of the forcible entry and detainer process, as provided by statute.

*Judgment for plaintiff.*