[Civ. No. 1804. Third Appellate District.—January 30, 1919.]

CHOWCHILLA COLONIZATION COMPANY (a Corporation), et al., Respondents, v. H. H. THOMPSON, Appellant.

Vendor and Vendee—Contract for Sale of Real Property—Improvements, Agreement as to Ownership.—An agreement in a contract for the sale of real property, that all buildings and improvements then on the property, or thereafter to be placed thereon, shall become a part of the realty and shall not be removed therefrom, but shall be the property of the vendor until full performance of the contract by the vendee, constitutes a valid contract and is enforceable.

Id.—General Rule Independent of Contract.—The general rule, independent of any contract between the parties, is that articles annexed or structures erected by a vendee of land in possession by virtue of his contract of purchase, who has not yet obtained title to the premises, cannot be removed by him without the consent of the vendor.

Id.—Removal of Buildings by Vendee — Remedy — Claim and Delivery.—Where the vendee in violation of his contract had separated and removed from the purchased land, a house, barn, and windmill, and the buildings were on the public highway when the vendor commenced his action, they constituted personal property, and were recoverable by action of claim and delivery.

Id.—Rescission by Vendor Unnecessary.—In such case rescission of the contract by the vendor or declaration by him of the forfeiture of the vendee's right to further possession of the property, for default in payment of the purchase money, was not necessary as a condition precedent to the action.

APPEAL from a judgment of the Superior Court of Madera County. W. M. Conley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hawkins & Hawkins for Appellant.

F. A. Fee for Respondents.

BURNETT, J.—On the thirtieth day of October, 1913, the plaintiff, Chowchilla Colonization Company, a corporation, and the defendant, H. H. Thompson, entered into a written

contract for the sale of real estate, which contract contained the following provision: "All buildings and improvements now on said land, other than those belonging to present occupants if any, or that shall hereafter be placed thereon by any party shall become a part of the realty and shall not be removed therefrom, but shall be and remain the property of said vendor until this contract shall be fully performed and completed by said vendee." At the time of the execution of said contract there were no improvements of any kind upon said premises. On said day said defendant paid to plaintiff, Chowchilla Colonization Company, as a part of the consideration for the purchase price of said property described in the contract, the sum of $1,020. The payments of $817.80 falling due on the eleventh day of September, 1914, 1915, 1916 and the interest thereon were never paid.

In the following months of December and January, defendant Thompson constructed upon said premises a dwelling-house, barn, and windmill as described in the complaint herein, and leveled and checked said premises and erected a pumping plant and the necessary wells to irrigate said tract of land, and in the month of January, 1914, said defendant moved upon the premises. His intention at that time was to remain permanently on the place and make his home thereon.

The complaint in the action alleges: "That on the seventeenth day of March, 1917, and while the plaintiffs were the owners of said above-described property, together with said dwelling-house, barn and windmill thereon situate, the said defendants entered upon said above described premises and unlawfully, wrongfully, maliciously and without right or authority so to do and against the will and wish of said plaintiffs, severed from said Lot One (1) and removed from off the same the said two-story frame dwelling-house, said frame barn and said windmill, and ever since said seventeenth day of March, 1917, the said defendants have been in the unlawful and wrongful possession of said property and do now unlawfully and wrongfully detain the same to the damage and injury of plaintiffs in the sum of one thousand five hundred dollars, the value of said property, so taken and removed as aforesaid."

The prayer of the complaint was for the possession of said house, barn, and windmill, and in case delivery thereof could

not be made, then for the value thereof and for damages in the sum of one thousand dollars.

The findings of the court were in favor of plaintiffs, and the judgment was for the recovery of the possession of said buildings, or, in case delivery could not be had, then for their value in the sum of $600, no additional allowance being made specifically for damages.

There is really no dispute as to the facts, the only question being as to whether the plaintiffs have pursued the appropriate remedy. The said provision of the contract, which we have quoted above, is entirely free from uncertainty, and effect should be given to it unless it can be successfully claimed that it is in violation of some provision of the statute or in contravention of public policy. No authority, however, has been cited by appellant to the effect that such provision is not enforceable, and we could with propriety dismiss that consideration without further comment. It may not be improper to recall, however, the general rule, independent of any contract made by the parties, as follows: "Articles annexed or structures erected by a vendee of land who is in possession by virtue of his contract of purchase, but who has not yet obtained title to the premises, cannot be removed by him without the consent of the vendor, the presumption being, from his interest under his contract and expectation of acquiring absolute title that he intended the articles or structures to become a part of the land." (13 Am. & Eng. Ency. of Law, p. 672.)

It is equally well settled that the parties themselves may agree as to the character and ownership of the property. The principle has been set forth as follows: "It is a well-settled rule of law that parties themselves may, by express agreement, fix upon chattels annexed to realty whatever character they may have agreed upon. Property which the law regards as fixtures may be by them considered as personalty, and that which is considered in law as personalty they may regard as a fixture. Whatever may be their agreement, courts will enforce it." (*Fratt* v. *Whittier*, 58 Cal. 132, 133, [41 Am. Rep. 251].)

Furthermore, "if the contract contains a special provision that on default of purchaser the vendor shall be entitled to the improvements made by the purchaser, full effect will be given to such provision both in law and in equity." (39 Cyc. 1402.)

The two facts, therefore, may be deemed settled, first, that said provision constitutes a valid contract and enforceable, and second, the appellant violated it by removing said buildings from said premises. Indeed, it is admitted that he so violated his contract and that he removed them surreptitiously and at night. The only pretense of a defense to the action is, in effect, that the contract of purchase had not been rescinded by the vendor nor had said vendor exercised its option to declare the right of appellant to the further possession of the real property forfeited. It is, therefore, claimed that at the time said defendant was in the rightful possession of the land by the acquiescence of the owner, although the former was in default in the payment of the installments due under said contract. Hence, it is argued that the owner was not entitled to the immediate possession of the land, or of the buildings, since they were a part of the land. It is contended that the conclusion follows that the action of claim and delivery will not lie, since there is lacking an important element—the right to the immediate possession of the property.

We are satisfied, however, that the claim is without merit as applied to this particular case. The buildings, it must be remembered, had been separated and removed from the land and were on the public highway at the time the action was brought. They constituted personal property, and, while technically speaking, the appellant may have been entitled to continue in possession of the land until the contract was rescinded by the owner, yet, he had clearly forfeited his right to the further possession of said improvements by virtue of his violation of his agreement to permit said improvements to remain upon and to follow the ownership of said land. It appears plain, therefore, that the right to possession of the land and the right to possession of the improvements were entirely distinct and separate after said buildings were removed. It would be a strange and unjust construction of said provision in the contract to hold that appellant could violate it by removing said buildings and continue rightfully in possession thereof simply for the reason that, although for years in default in his payments, no action had been taken to terminate his interest in said real property. We could go further and say that his removal of said buildings, under such circumstances, in violation of his contract, virtually amounted to an abandonment of the premises and thereby operated as a

rescission upon his part of the contract of sale. The court would have been justified in so finding, and that he had thereby waived any right to further possession of said real property. However, it is not necessary to go that far in upholding the judgment of the court, as it seems entirely clear that by violating his contract in removing them from the land, he lost and forfeited any right to the further possession of said buildings. The right to the possession would then belong to the vendor as an incident of its ownership to said improvements under the terms of said contract.

In the opening brief of appellant only one decision is cited to uphold his contention and that is the case of *Miller* v. *Waddingham,* 91 Cal. 377, [13 L. R. A. 680, 27 Pac. 750]. It is to be observed, however, in that case that there was no agreement whatever in reference to the improvements. Therein, the erection of the buildings formed no part of the consideration for the purchase of the land, and it appeared that the vendee had in no respect failed to comply with the requirements of the contract. In that case a writ of injunction was sought, and it is clear that no sufficient showing was made to warrant the issuance of such writ. In his closing brief appellant cites two other cases in support of his contention, to wit, the case of *People's Sav. Bank* v. *Jones,* 114 Cal. 422, [46 Pac. 278], and *Boone* v. *Templeman,* 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947], but neither of these cases involved a situation similar to that before us. In the former, the general principle as announced cannot be questioned that "to sustain an action of claim and delivery, the plaintiff must have the right to the exclusive possession of the property sought to be recovered at the time of the commencement of the action and an after acquired interest will not support the action."

It is to be observed that there was no agreement therein as to said improvements, and they were placed upon the land after the execution of a mortgage upon said premises. The mortgage had been foreclosed, but the time for redemption had not expired. The judgment debtor was, therefore, in lawful possession of the land, and by removing the buildings he did not violate any contract. The case is entirely distinct from this, although it may be added that in so far as it holds that the question whether the said improvements constituted fixtures was immaterial, the decision is clearly in conflict with

*Sands* v. *Pfeiffer,* 10 Cal. 259, wherein it was held through Mr. Justice Field that, ''A mortgagor, after a sale of the mortgaged premises under a decree in a suit to foreclose the mortgage, has the right to the use and possession of the mortgaged premises until the execution of the sheriff's deed, but he possesses no right to despoil the property of its fixtures. The deed of the sheriff takes effect by relation at the date of the mortgage and passes fixtures subsequently annexed by the mortgagor. By the wrongful severance from the premises the fixtures become personal property for the recovery of which an action of replevin will lie by the purchaser after he obtains the sheriff's deed.''

*Boone* v. *Templeman, supra,* contained no such provision as is found in the contract before us. The action therein was for specific performance of a contract for the sale of land, which made time of the essence of the contract. The complaint set forth the undisturbed possession of the premises, part payment, and the offer of full payment before the institution of the action for the execution of a deed, and further stated full and sufficient facts excusing plaintiff's delay and showing that the vendor had waived his right to demand a forfeiture by the vendee, and the court held that the complaint constituted a cause of action. It is perfectly apparent that, according to the allegations of the complaint, the vendor in that case waived the default of the vendee in failing to make his payments according to the terms of the contract, and the decision was just and equitable in view of the willingness of the vendee to pay the whole consideration for the property. The question involved is entirely different, as we view it, from the one before us. It may be added that no claim is made herein that the vendee is willing or able to pay the consideration for said real property, nor does it appear that the decision of the lower court is in any manner unjust or inequitable.

In fact, as before indicated, it is a reasonable inference that the vendee has repudiated the contract and abandoned the premises and has no intention whatever of carrying out his agreement. In fact, a portion of the answer of defendant Thompson in another case brought against him by the plaintiffs was introduced in evidence in which he averred that he had rescinded said contract and offered to restore everything of value he had received under it. Such, also, is a fair inference from his conduct and from his testimony in this case.

As to any further action by plaintiffs against said defendant under said contract we are not concerned herein, although we must assume that the court will not permit them to recover more than is just.

The judgment is affirmed.

Buck, P. J., *pro tem.,* and Hart, J., concurred.