## NELLIE R. HENDERSON

*vs.*

## CHESTER ROBBINS

### Penobscot.    Opinion June 29, 1927.

*In the case of a tenancy for years, that is, for any fixed and definite term, no agreement to the contrary and no waiver appearing, a tenant must remove his buildings or other removable fixtures before the termination of his tenancy.*

*The tenant's continued possession after such termination may, with other circumstances, prove waiver of the land owner's rights, but does not ipso facto extend the tenant's privilege of removing fixtures.*

*If the duration of the tenancy is uncertain, the tenant is allowed a reasonable time after the termination of his tenancy to remove his fixtures.*

*If the tenant fail to effect the removal within the permitted time, no waiver being shown, the fixtures become a part of the real estate of the land owner, not upon any theory of abandonment, but by reason of breach of an implied condition of the tenancy.*

In the instant case the jury were abundantly justified in finding that the time and opportunity given to the defendant were sufficient.

On general motion for a new trial. An action of trespass de bonis to recover the value of doors and windows removed from a building which each party claimed as chattel property. A verdict was rend-

ered for plaintiff and defendant filed a general motion. Motion overruled.

The case fully appears in the opinion.

*Stanley Needham,* for plaintiff. ·

*B. W. Blanchard,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, JJ.

DEASY, J. Action of trespass de bonis for the removal of the doors and windows from a building claimed by each of the parties as chattel property. Title to the site was and is in the City of Oldtown. Verdict for plaintiff. Defendant brings case forward on general motion.

In 1926 the building in question was owned by Striar & Co. who occupied the land as tenants at will. On March 24, 1926 the City served upon its said tenants a statutory notice to quit. The tenancy became fully terminated on May 1 being the date specified in the notice. On May 26 Striar & Co. for a consideration, gave to the defendant, Chester Robbins, a bill of sale of the building. It was not renewed either by Striar & Co. or by Robbins. On July 31 the City sold and conveyed the building to the plaintiff, Nellie R. Henderson. On the same day the defendant without the plaintiff's consent took out and removed the doors and windows. Thereupon this suit was brought.

We are concerned, not with mere chattels of a tenant, not with irremovable fixtures, but only with removable fixtures i. e. those that may be removed without substantial injury to the freehold. It is not disputed that the building in question was of this character.

In the case of a tenancy for years i. e. for any fixed and definite term, no agreement to the contrary and no waiver appearing, a tenant must remove his buildings or other fixtures before the termination of his tenancy. This is the rule of law established in a number of jurisdictions (26 C. J. 705) including Maine. *Stockwell* vs. *Marks* 17 Me. 455, *Davis* vs. *Buffum* 51 Me. 162, *Water Power Co.* vs. *Electric Co.* 96 Me. 117. ·

Other courts hold that the right of removal continues as long as the tenant remains in possession, at all events, if with the land owners'

acquiescence. 26 C. J. 705. In this State the tenant's continued possession may, with other circumstances, tend to prove a waiver of the landowner's rights, but does not ipso facto extend the tenant's privilege of removing fixtures.

If the duration of the tenancy is uncertain the tenant is allowed a reasonable time, after the termination of his tenancy, to remove his fixtures. *Sullivan* vs. *Carberry*, 67 Me. 532, 26 C. J. 707. Ewell on Fixtures 293.

If he fail to effect the removal, within the permitted time, no waiver being shown, the fixtures become a part of the real estate of the land owner. *Davis* vs. *Buffum* Supra, 26 C. J. 706 and cases cited.

The defendant's tenancy terminated on May 1, 1926, the date specified in the notice to quit. The City does not contend that his right to remove the building then ceased. It concedes that he was still entitled to a reasonable time to move it. On June 22 formal permission for this purpose was given to the defendant. On July 1 he was in writing notified by the City to remove the building forthwith. On July 31, the notice not having been complied with, the City sold the building as a chattel to the plaintiff.

The jury were abundantly justified in finding that the time and opportunity given to the defendant were sufficient, that on July 31 the right of removal had expired, that the building with its doors and windows had become the property of the City and that the sale to the plaintiff, on that date, gave her title to it.

The learned counsel for the defendant stresses the point that his client did not actually intend to abandon his building. He argues that intent is of the essence of abandonment. All this is true, but not decisive. Authorities generally agree that, without regard to the tenant's actual intent, fixtures which he owns, if not by him removed, become at some time a part of the lessor's realty.

If, as some cases hold, this is based upon the theory of abandonment, intent to abandon is conclusively presumed from failure to remove fixtures within the time legally authorized. But we deem the better and more logical theory to be that the tenant forfeits his fixtures by reason of his breach of an implied condition of his tenancy.

*Motion overruled.*