[Civ. No. 10512. First Appellate District, Division Two.—May 27, 1937.]

O. S. CONE, as Assignee, etc., Plaintiff and Respondent, v. WESTERN TRUST AND SAVINGS BANK (a Banking Corporation) et al., Defendants and Respondents; DR. WILSON et al., Defendants and Appellants.

A. L. Abrahams and Frank H. Love for Appellants.

Bicksler, Parke & Catlin and William E. Woodroof for Respondents.

SPENCE, J.—This is an action for declaratory relief arising out of a controversy concerning the rights of the parties under a lease. There were assignments and substitutions of parties but, for the purpose of this discussion, we may refer to the parties as plaintiff and defendants in the same manner as though the original parties to the lease were the parties and the only parties to the action. It was the contention of plaintiff that under the terms of the lease, plaintiff had the right to remove the buildings, trade fixtures and personal property within a reasonable time after the expiration of the lease while it was defendants' contention that such right terminated at the expiration of said lease. The trial court sustained the contention of plaintiff and determined that a period of thirty days was a reasonable time for such removal. Judgment was entered accordingly and defendants appeal.

The lease, after describing the premises, recited that the title thereto "and to that certain oil and gasoline refining plant, consisting of buildings and structures, tanks, stills, boilers, agitators, machinery, and equipment, located upon said real property", was vested in the defendants. It further recited that concurrently with the execution of the lease, the defendants had executed and delivered an agreement

under the provisions of which the defendants had sold and conveyed to plaintiff "all that certain oil and gasoline refining plant above referred to and described" and had executed and delivered to plaintiff a "bill of sale thereto", which agreement and bill of sale were "referred to and made a part" of the lease. Then followed the terms and conditions of the lease of the real property and the terms of an option to purchase the real property. The consideration for the purchase of the buildings and equipment under the above-mentioned agreement was the sum of $7,000 which was paid to defendants. Plaintiff went into possession and thereafter made other improvements and brought other personal property on the premises and the total value of all buildings, equipment and other personal property was the sum of $22,000. There are three clauses of the lease which are of particular importance in this discussion.

Clause 4 read: "The lessee shall keep said premises in a clean and healthful condition, and comply with all state, federal, county and city laws, orders and regulations in connection with the use of said premises, and agrees to deliver and yield up said demised real property to the lessor in as good order as the same is now in, at the end of the term of this lease, either by lapse of time, by forfeiture, by abandonment, or in any other manner."

Clause 5 read: "The lessee shall have and he is hereby expressly granted the right to remove from said demised real property the buildings and structures, tanks, stills, boilers, agitators, machinery and equipment now located thereon, or that may hereafter by by the lessee placed thereon, including accessories, replacements and additions, in whole or in part, at any time or times, prior to the termination of this lease."

Clause 25 read: "Upon the termination, forfeiture, abandonment, cancellation or expiration of this lease the lessee shall quietly and peaceably surrender possession of the same to the lessor and shall deliver said premises to the lessor as nearly in its present condition as shall be physically possible, and shall remove therefrom all debris, together with all buildings, structures, tanks, stills, boilers, agitators, machinery and equipment, and any and all other property thereon."

It is apparent from what has been said that the controversy between the parties relates solely to the construction of the terms of the lease with respect to the time for removal of the property. It is conceded that an agreement that property shall "retain its personal character or be removable as personalty, even though affixed to the land, is valid". (*Dauch* v. *Ginsburg,* 214 Cal. 540, 544 [6 Pac. (2d) 952]; *Chowchilla Colonization Co.* v. *Thompson,* 39 Cal. App. 517, 519 [179 Pac. 411]; 12 Cal. Jur. 566; 12 Cal. Jur. 580.) It seems to be further conceded that the above-quoted clauses of the lease relating to removal are neither ambiguous nor repugnant. The question then is did the right of plaintiff to remove the property terminate at the instant of the expiration of the term of the lease or did that right exist for a reasonable time thereafter?

We are of the opinion that the authorities hereinafter cited clearly indicate that the trial court correctly determined that plaintiff's right to remove the property existed for a reasonable time after the expiration of the lease. Before further discussing the provisions of the above-mentioned clauses of the lease, we quote from some of the authorities on this general subject.

In *Earle* v. *Kelly,* 21 Cal. App. 480, the court said at page 484 [132 Pac. 262] : "it has been held that where the removal is claimed under an express agreement permitting the act to be done as a part of the consideration of the lease contract, the tenant does not lose that right by the expiration of his term, but may within a reasonable time thereafter exercise it".

One of the reasons for the rule is expressed in *Caperton* v. *Stege,* 91 Ky. 351 [15 S. W. 870, 16 S. W. 84], where the court said, "By the terms of the lease the appellee had the right to use and occupy the improvements during the entire term, and to remove the improvements on the expiration of the term; and to require him to remove the improvements before the expiration of his term would violate his contract right to use and occupy them on the premises until the expiration of his term; and to refuse him the right to remove them after the expiration of the lease, provided he did it in a reasonable time, would cause him to lose his property by availing himself of his contract right".

In *Smith* v. *Park*, 31 Minn. 70 [16 N. W. 490], the court said at page 491, "The terms of the lease giving the right of removal at the expiration of the term, the tenant was not required to remove the house during his term, but might occupy it as a dwelling house during the full term, and then within a reasonable time remove it".

Other authorities containing similar language might be quoted but it is sufficient merely to refer to a few of them. (*North* v. *Augusta Real Estate Assn.*, 130 Me. 254 [155 Atl. 36] ; *Rasch* v. *Safe Deposit & Trust Co.*, 136 Md. 435 [111 Atl. 121] ; *Lindsay Bros.* v. *Curtis Pub. Co.*, 236 Pa. 229 [84 Atl. 783, 42 L. R. A. (N. S.) 546] ; *Bodwell Water Power Co.* v. *Old Town Elec. Co.*, 96 Me. 117 [51 Atl. 802] ; *Davidson* v. *Crump Mfg. Co.*, 99 Mich. 501 [58 N. W. 475] ; *Kuhlmann* v. *Meier*, 7 Mo. App. 260; 26 Cor. Jur. 713; 36 Cor. Jur. 64; 12 Cal. Jur. 580.)

When we examine the provisions of clause 25, we find that it provided that "upon the termination" of the lease, plaintiff should remove from the premises "all buildings, structures, tanks, stills, boilers, agitators, machinery and equipment, and any and all other property thereon". This clause not only imposed a duty but it also necessarily conferred a right upon plaintiff to remove the property mentioned "upon the termination" of the lease. If that clause had stood alone, plaintiff would unquestionably have had a reasonable time after the expiration of the lease within which to remove the property. But defendants contend that when clauses 4, 5 and 25 are read together, the conclusion must be reached that the right of removal terminated with the expiration of the lease. We find no merit in this contention. Clause 4 is but the usual clause found in practically all leases providing for the yielding up of the premises in good order at the end of the term. Clause 5 is one which grants to plaintiff the right to remove any of the property at any time during the term of the lease. We cannot agree with defendants that "clause 25 is but a repetition of clauses 4 and 5". Construing all of these clauses together and giving effect to all of them (Civ. Code, sec. 1641), we believe that the only reasonable construction to place upon said clauses is that clause 25 defined the rights and duties of the parties with respect to the removal of the property "upon the termination" of the lease; that said rights and duties were in addition to those

conferred and imposed by the other clauses of the lease and were not modified or affected by anything contained in clauses 4 and 5; and that the parties therefore had a reasonable time after the expiration within which to exercise the rights conferred and to perform the duties imposed by said clause 25. If the parties had intended otherwise, they could have used the expression "prior to the termination" rather than "upon the termination" of the lease in clause 25 thereof but such was not their agreement.

The effect of the foregoing construction of the lease is not to enlarge the term thereof. After the expiration of the lease, plaintiff was not entitled to possession of the premises but was merely entitled to the right of ingress and egress for a limited time and for the limited purpose of removing the property. (36 Cor. Jur. 64, sec. 682.)

The judgment is affirmed.

. Sturtevant, J., concurred.