ARTHUR A. McKUSICK *vs.* CHARLES MURRAY.

Penobscot.     Opinion, June 10, 1937.

*A. C. Blanchard*, for plaintiff.
*Fellows & Fellows*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

HUDSON, J.   On report. Action of covenant broken on covenants of warranty in a bill of sale dated May 1, 1933. The property warranted comprised "an office building, three gasoline pumps and tanks and one kerosene tank and pump, used as a gasoline filling station and located on land now or formerly belonging to Luman C. Shepherd of Dexter." The defendant pled the general issue and by way of brief statement that if the plaintiff's title failed it was due solely to his own subsequent fault.

On August 9, 1924, Shepherd leased a vacant lot of land in Dexter for a term of five years to one Prescott at a yearly rental of $75, payable semi-annually. As intended, an office building was built, pumps and tanks were installed, and the leased premises were used as a gasoline filling station. The lease provided that if the lessor wished "to terminate the lease at the termination of the term stated," and both parties did not agree "on the value of the buildings erected," that arbiters should fix the amount not exceeding $2000 to be paid by the lessor. It was also stipulated that if the lessee did "not desire to sell the buildings" that he should "have the right to remove the same during the term of the lease."

Some time before the lease expired, the lessee sold the buildings, tanks and pumps to the defendant and delivered the lease to him. The purchaser went into possession, and paid rent directly to Shepherd. Without written assignment, he obtained no estate greater than a tenancy at will. R. S. 1930, Chap. 87, Sec. 16.

Although the written lease, expiring on August 9, 1929, provided for removal only during its term, we find a factual waiver of that provision. The lessor testified that he "made a new deal" with the tenant. While the evidence is not clear as to all of its provisions, these facts do appear: The tenant remained in possession; his rent was

not increased; without objection, he used the property as his own as he had done before the expiration of the lease, and he continued to pay only ground rental. At one point in his testimony, the lessor declared unequivocally that while the defendant had the building he did not claim it. The tenant's "continued possession" and "other circumstances" as mentioned "prove a waiver of the land owner's rights." *Henderson* v. *Robbins*, 126 Me., 284, 286, 138 A., 68, 69.

So we hold that when the written lease expired the defendant held the title to the building, the tanks and pumps, and thereafter as tenant at will had the legal right to remove the same within a reasonable time following the termination of his tenancy. *Sullivan et ux.* v. *Carberry et al.*, 67 Me., 531; *Franklin Land, Mill & Water Co.* v. *Card*, 84 Me., 528, 24 A., 960; *Bodwell Water Power Co.* v. *Old Town Electric Co.*, 96 Me., 117, 51 A., 802; *Henderson* v. *Robbins*, supra; *North* v. *Augusta Real Estate Assn.*, 130 Me., 254, 155 A., 36.

The defendant continued to pay ground rent to Shepherd until June 1, 1931, when he vacated the premises, having sold and delivered this property to the plaintiff. The latter took immediate possession and was accepted by Shepherd as his tenant at will at the same rental. He knew that the property he bought was on Shepherd's land, whom he told of his purchase from the defendant. He was chargeable with knowledge of the character of his tenancy and that as tenant at will he could remove his property from Shepherd's land only within the time as limited by law. Such was his knowledge when on May 1, 1933, having paid his purchase price notes, he received the bill of sale containing the covenants.

Has the defendant breached his covenants, warranting lawful ownership, freedom from incumbrances, right to sell and to defend against the lawful claims and demands of all persons? We think not.

By notice to quit dated April 12, 1935, the tenancy terminated on May 16, 1935. Thereafter for a reasonable length of time the plaintiff could have removed this property, but he did not. As a consequence, he lost his title, for which result the defendant is not chargeable, for he did not covenant that he would be responsible if the covenantee failed to exercise his lawful right of removal and thus protect his purchase. That bought, the plaintiff got, viz., good

title to the property at the time, with a limited right of removal. His failure to exercise that right timely is his own fault.

Not having breached his covenants, the defendant upon avouchment was neither bound to defend Shepherd's real action later brought against the plaintiff nor concluded by its judgment.

Liability not having been established, the entry, according to the stipulation in the report, must be,

*Judgment for defendant.*