### SARAH A. SMITH vs. NELSON G. HAYDEN.

In a proceeding under the bastardy act, (Rev. Sts. c. 49,) it is not necessary, that the original complaint to the magistrate should be in writing.

Where a new complaint in bastardy is filed in the court of common pleas, and the respondent is ordered to plead, the new complaint must be taken to be that on which the issue is joined.

It is no ground of exception, that in the trial of a complaint in bastardy, at a term of the court of common pleas held for the transaction of criminal business, the respondent was required to file a written plea; that he was not arraigned before the trial; that the jury were impanelled and sworn as in criminal cases; or that the verdict was rendered both orally and in writing.

It does not affect the regularity of the proceedings on a complaint in bastardy, that the case was entitled, " Commonwealth, on the complaint of S., v. H."

THIS was a proceeding under the Rev. Sts. c. 49, com· menced by an oral complaint before a justice of the peace, by whose order the respondent gave bond, as required by the statute, to appear at the next court of common pleas.   A com· plaint in writing was filed in that court by the complainant. the respondent pleaded not guilty, and on a trial before Hop· kinson, J., at a term held for the transaction of criminal busi· ness, a verdict was returned against the respondent, who there· upon moved in arrest of judgment, and that the proceeding be dismissed on the following grounds: —

1. The court had no jurisdiction of this case, at a term held for the transaction of criminal business.

2. No complaint in writing was ever made by the complainant to any justice of the peace, as required by law.

3. The paper filed as a complaint, and to which the respondent was ordered to plead, does not set forth any legal cause of prosecution, or any offence known to the law, and is wholly defective.

4. The respondent was ordered to plead in writing, whereas he could only be lawfully required, in a criminal proceeding, to plead orally.

5. The respondent was put to trial, without any complaint being read to him, and without being inquired of whether he was guilty or not guilty.

6. Although the respondent was compelled to join issue in writing, as upon the trial of a civil cause, the jury were impanelled as for the trial of an indictment, and the oath prescribed for the trial of criminal cases was administered to them.

7. The verdict was taken, both orally, as in a civil cause, and in writing, as in a civil cause.

The jury returned their verdict orally, and it was affirmed as in a criminal case. A verdict was then written, and signed by the foreman, and affirmed as usual in civil causes; the form of the written and oral verdict being the same.

The respondent also objected, that the cause was entitled " Commonwealth, on the complaint of Sarah A. Smith, *v.* Nelson G. Hayden."

The presiding judge overruled the motion in arrest, and the respondent excepted.

*B. F. Thomas*, for the respondent.

*G. F. Farley* and *J. W. Fletcher*, for the complainant.

DEWEY, J. The objection taken to the jurisdiction of the court of common pleas, at a term holden for criminal business, in a matter arising under the act in relation to the maintenance of bastard children, (Rev. Sts. *c.* 49,) is not farther insisted on ; it having been directly settled in the case of *Cummings* v. *Hodgson*, 13 Met. 246, that such a proceeding is

within the jurisdiction of the criminal court, and not of the court when holden for the trial of civil cases.

The second ground taken in arrest of judgment is also untenable. The statute does not require the original complaint to the magistrate to be in writing. The examination and accusation of the party complaining is to be reduced to writing by the justice, and signed and sworn to by the complainant.

The third ground for arresting the judgment appears to have been taken upon an erroneous view of the record in this case. A full and proper complaint was, as is required by law, filed in the court of common pleas, in the present case. It must now be assumed, that the plea filed by the defendant was a plea in answer to this complaint, as this was the only matter upon which issue could properly be joined. That complaint was in all respects sufficient, and no ground exists therefore for sustaining the third exception taken to the validity of these proceedings.

The fourth objection, that the respondent was ordered to file a written plea, was not seriously urged, and cannot be maintained. This is believed to have been the usual mode of joining issue in these cases. It is equally beneficial to the respondent as an oral plea, and in no way deprives him of his legal rights, or affects unfavorably his defence.

The fifth objection, that the respondent was not arraigned in the usual form of persons charged with criminal offences, and asked whether he was guilty or not guilty, falls within the principles applicable to the preceding objection, and like that is also untenable.

The sixth objection is, that the jury were impanelled and sworn as in ordinary criminal cases. It is difficult to perceive any grounds upon which the defendant can complain in this matter. The only difference is in the form of the oath, and in the time of administering the same. In civil cases, the jury are sworn at the commencement of the term, and before taking their places upon the panel, and are sworn generally for all civil cases during the term. In criminal cases, the jury are sworn in each case; and if any security for faithful performance of their duty is secured by the administration of an

10 *

oath to the jurors, it would seem to be more fully so by taking one in each particular case about to be committed to them, rather than by the general oath taken at the commencement of the term, and having reference to no particular case. The only difference in the form óf the oath is, that in civil cases, the jury are sworn to render a true verdict according to the law and the evidence given them ; and in criminal cases well and truly to try the issue according to their evidence.

I am not aware, that the latter form enlarges or diminishes the power of the jury, or affects their duty as jurors, in any manner different from the oath in civil cases. It has been sometimes urged, that the form prescribed in criminal trials gave the jury the right to decide upon the law as well as the facts; but this is not so, and the jury are in both cases to receive the law from the court, and to conform their decision to the instructions thus given, in applying the law to the facts to be found by them. *Commonwealth* v. *Porter*, 10 Met. 263. Taking into view the nature of the proceedings under the bastardy act, and their similarity in many respects to civil suits, we are not prepared to say, that either form of oath would have been objectionable.

Nor does it affect the regularity of the proceedings, that the action was entitled or described as the case of " Commonwealth, on the complaint of Sarah A. Smith, *v.* Nelson G Hayden."

The seventh objection, that the verdict was taken both orally and in writing, furnishes no ground for arresting the judgment. It being rendered in the form adapted both to criminal and civil cases, certainly one or the other must be right. *Exceptions overruled.*