## UNITED STATES v. BRELIN.

(Circuit Court of Appeals, Eighth Circuit.   December 4, 1908.)

### No. 2,748.

1. EVIDENCE (§ 383*)—RECORDS—CERTIFIED COPY—EFFECT.

A certified copy of a record, by a public officer authorized to make it, not only vouches for its own correctness, but proves prima facie the original to have been in the public office when the copy was made; an officer's certificate being accorded the sanctity of a deposition.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1663; Dec. Dig. § 383.*]

2. ALIENS (§ 69*)—NATURALIZATION—DECLARATION OF INTENTION—CERTIFICATE.

An alleged copy of a naturalization record, showing that the applicant appeared before the officer and declared his intention to become a citizen of the United States and renounce his existing allegiance, certified to be a full, true, and complete transcript of the record as the same then remained in the office of the clerk making the certificate, and duly attested by the seal of the court, was not overthrown by the testimony of a deputy clerk seven years later that he had made a thorough search and was unable to find any such record, but 'that the naturalization records of the court were very poorly kept.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 147–153; Dec. Dig. § 69.*]

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

Milton M. Dearing, Asst. U. S. Atty.

Before SANBORN and HOOK, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge.   The government complains of a judgment of the Circuit Court conferring upon Otto Brelin, a native of Sweden, the rights of full citizenship, because, it is said. there was no competent proof that he ever made a preliminary declaration of his intention as required by statute.   At the hearing, September 14, 1907, the applicant testified he declared his intention and took out his first papers about seven years previously, and it is now urged that the court erred in accepting as proof oral testimony of that which should appear of record.   Whether or no this testimony was either merely preliminary, or was only for the purpose of identifying the applicant with the person named in the transcript of the record afterwards received in evidence, it is obvious the government is in no position to complain if there was other and competent proof of the declaration of intention, because the oral testimony referred to was elicited by questions propounded by government counsel.

There was produced by the applicant and received in evidence what purported to be a certified transcript of a record in the office of the clerk of a local state court having authority to act in such matters, showing that the applicant had appeared before him May 23, 1900, and in due form made his declaration of intention to become a citizen of the United States and to renounce his existing allegiance. The certificate of the clerk, made the same day, recited that the document was a full, true, and complete transcript of the record as the same then remained in his office, and it was attested with the seal of the court. On behalf of the government a deputy clerk of the state court testified that though he made a thorough search he was unable to find any such record, that the court records did not show the applicant had made a declaration of intention and that the naturalization records in that court were very poorly kept. This was all the evidence.

Upon this counsel for the government argues that it was shown no original record existed, and therefore the value of the certified transcript as evidence was wholly destroyed, and the applicant failed to establish his right to naturalization. It is quite true that a transcript of a record must rest upon the existence at some time of an original: for, if there never was an original, a transcript would be counterfeit. But the loss or destruction of an original, once existing, leaves the transcript unimpaired, and we think that is the case here. The testimony of the deputy clerk that there was no such record in the office meant no more than that he was unable to find one at the time of the trial, and the cause of his failure was doubtless disclosed when he said the records had been very poorly kept. The certified transcript bore upon its face every semblance of verity. The certificate was in due form, and the genuineness of the signature of the clerk and of the impression of the seal of the court was not questioned. Moreover, the clerk who certified was the officer before whom the declaration of intention was made, and whose duty it was to make an original record thereof.

A certified copy of a record, by a public officer authorized to make it, not only vouches for its own correctness, but, as Mr. Justice Catron declared long ago, in United States v. Wiggins, 14 Pet. 334, 346, 10 L. Ed. 481, it proves prima facie the original to have been in the public office when it was made. The officer's certificate is accorded the sanctity of a deposition. United States v. Hanson, 16 Pet. 196, 201, 10 L. Ed. 935; United States v. Acosta, 1 How. 24, 26, 11 L. Ed. 33. It is not conclusive; but when no especial incentive for falsification appears, and the records are shown to have been carelessly kept, it should prevail over the bare fact that seven years later an original record cannot be found. The case here is distinguishable from Gagnon v. United States, 193 U. S. 451, 24 Sup. Ct. 510, 48 L. Ed. 745, where the alien, who claimed to have been naturalized 33 years before, was unable to produce a certificate or authenticated copy, and there was no entry or memorandum upon the records or files of the court. It was held there was an attempt to create a record not theretofore existing, and it could not be done. On the other hand,

see Boyd v. Thayer, 143 U. S. 135, 180, 12 Sup. Ct. 375, 36 L. Ed. 103.

It is a matter of common knowledge that in the past carelessness and indifference not infrequently marked the making and preservation of records of naturalization proceedings. In many cases the only record kept of declarations of intention was upon loose sheets of paper, which in course of time were misplaced or destroyed; and this comported with the notion that the applicant for citizenship was the one chiefly interested, and might well be charged with the duty of preserving the certified copy given him as the evidence of his status. A growing appreciation of the dignity and value of American citizenship, of the necessity for additional safeguards, and a stricter observance of the law, led to Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 419), which prescribes a comprehensive procedure and a uniform rule for the making and keeping of records, with various penalties for violation of its commands. The trial in the Circuit Court was under this act, while the declaration of intention was made before its passage. But the act (section 4) expressly preserves to an applicant the inchoate status secured by a declaration of intention under the prior law.

The judgment is affirmed.