### LUKE P. FLEMING *vs.* HYMAN DOODLESACK.

Norfolk.   December 4, 1929. — January 29, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Broker*, Commission.  *Evidence*, Presumptions and burden of proof, Best
and secondary, Letter.  *Witness*, Whether party bound by statements
of witness called by him.

At the trial of an action by a real estate broker for a commission, there
was evidence that the defendant, a carpenter and builder for whom
the plaintiff previously had performed services as a broker which
had been unremunerative because no sale had been consummated,
had said to the plaintiff that he would like to have him make a sale
of a certain new house; that he would like to have the plaintiff
"get some money out of it" "because he lost so much time" in his
previous efforts; that the plaintiff had said he would write to cer-
tain men with whom he had been in communication in connection
with his previous efforts, and the defendant had told him to "Get
them out here"; and that the plaintiff's daughter by his direction had
written a letter to one of the men, addressing it to a number 91 M
Street in a city, had put a postage stamp and a return address on the
envelope, and had deposited it in a United States mail box.  Subject
to exception by the defendant, the daughter was permitted to testify
that the letter described the defendant's new house favorably and
advised a purchase.  Subsequently the addressee of the letter pur-
chased the property.  He was called by the plaintiff as a witness and
stated that he lived at number 396 M Street, that his attention had
been called to the property by an advertisement in a newspaper and
that "in his office the mail is received by the stenographer and is
not opened in his absence, he is in his office every morning and is
positive that he never received a letter from" the plaintiff respecting
the property in question.  He also testified that he had received
letters from the plaintiff at various times.  He did not testify that
he did not have an office at 91 M Street.  A motion by the defendant
that a verdict be ordered in his favor was denied.  There was a verdict
for the plaintiff.  *Held*, that
   (1) The action rightly was submitted to the jury if the evidence
warranted a finding that the letter was sent to and received by the
addressee and the contents of the letter were as testified to by the
daughter of the plaintiff;
   (2) A contention of the defendant, that no evidence of the con-
tents of the letter was admissible because there was no direct evidence
that it was received by the addressee and because the plaintiff was
bound by the testimony of the addressee, having called him as a
witness, was unsound;

(3) Assuming that the letter was received, there was no error in allowing the witness to state its contents as nearly as she could recall;

(4) The force of the testimony that the addressee did not receive the letter at most was evidence to rebut the *prima facie* case made out by the proof, if believed by the jury, that the letter was properly addressed to the addressee with postage prepaid and that it was deposited in a United States mail box.

CONTRACT for a commission for procuring a purchaser for real estate of the defendant. Writ dated June 14, 1927.

In the Superior Court, the action was tried before *Weed*, J. Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $668.73. The defendant alleged exceptions.

The case was submitted on briefs.

*H. Goldkrand & L. Goldkrand,* for the defendant.

*P. A. Hendrick & J. H. Wolfson,* for the plaintiff.

PIERCE, J. This is an action of contract, tried to a jury, to recover a brokerage commission which the plaintiff claims is due him for having found a purchaser for a certain parcel of real estate in pursuance of an alleged employment by the defendant. At the close of the evidence, the defendant moved that a verdict be directed in his favor. "The plaintiff having waived in open court his first count," the presiding judge denied the motion and the defendant excepted. The jury returned a verdict for the plaintiff. The case comes to us on the exceptions saved by the defendant to the denial of the aforesaid motion and to the admission of certain testimony during the trial.

The bill of exceptions contains "All the testimony and evidence bearing upon the question of liability." The facts therein disclosed in their aspect most favorable to the plaintiff are: The defendant, a carpenter and builder, in 1927 owned a house at No. 22 Colbourne Crescent, Brookline, Massachusetts. In pursuance of a written agreement dated May 4, 1927, he sold it to Abraham B. Slawsby of Nashua, New Hampshire. Since before 1927 the plaintiff has lived in Brookline, Massachusetts; and in 1927, and before, had as his business the care of property, the letting

of apartments, and, as a broker, the selling of property. He had known Abraham B. Slawsby since the fall of 1925, when he met him in connection with a piece of property on Verndale Street, Brookline, which the plaintiff had charge of and Slawsby had come to look at. At or about that time he introduced him to the defendant and showed him three houses the defendant had built on Winchester Street, in said Brookline. Slawsby did not buy these houses or any one of them. Sometime the last of March or first of April, 1927, the plaintiff and defendant had a talk in respect to the Colbourne Crescent property where the defendant was building. Among other questions the defendant asked the plaintiff "if he had seen the house he had just finished"; the plaintiff answered "No," and then at the request of the defendant went with him through the house at No. 22 Colbourne Crescent. At this time the defendant said to the plaintiff "he would like to see him make a sale of this house because he lost so much time on the Winchester Street houses and did not get anything out of it, and would like to see him get some money out of it"; and further said, "Why not get after those customers that you had for the Winchester Street houses and see if you cannot make a sale of this house? I need money to keep my business going." The plaintiff replied that he would write to Slawsby that night as well as to another man, and the defendant said "Get them out here."

That night the plaintiff on reaching home told his daughter to write to Slawsby. The daughter wrote a letter under instructions from her father, and addressed the envelope to "Mr. A. B. Slawsby, 91 Main Street, Nashua, New Hampshire"; it had a postage stamp on it and a return address, and was deposited in the mail box personally by the daughter of the plaintiff. Subject to the exception of the defendant, she was permitted to testify as to the time the letter was sent to Slawsby as being the "latter part of March or the first of April, 1927," and as to what was said in the letter. Respecting the contents of the letter she testified, in substance, that the letter described the house that the defendant was building, gave the location of it as No. 22 Colbourne Crescent, that it stated it was a nicer

house than the one on Winchester Street and that "Mr. Fleming [the plaintiff] would like very much to get in touch with Mr. Slawsby at his earliest convenience, because . . . [Mr. Fleming] knew that it was one of the best bargains in the town, and that . . . [Slawsby] would be very much interested in it."

Slawsby testified, in substance, that in March and April, 1927, he lived at No. 396 Main Street, Nashua, New Hampshire; that he knew Fleming prior to 1927, and he had been at his home once in regard to the Winchester Street property; that he had received mail from him at various times but had not received a letter during the latter part of March or early in April, 1927, respecting the property at No. 22 Colbourne Crescent, Brookline; that he purchased No. 22 Colbourne Crescent in 1927 as the result of seeing the advertisement in the Jewish Advocate, and was not approached or spoken to by Fleming with reference to the property. He further testified that "in his office the mail is received by the stenographer and is not opened in his absence, he is in his office every morning and is positive that he never received a letter from Mr. Fleming, concerning 22 Colbourne Crescent."

It is to be noted that the witness did not testify that his office and the place where he lived in Nashua, New Hampshire, were both at No. 396 Main Street, and there is no evidence in the record that his office was not at No. 91 Main Street, Nashua, New Hampshire. Assuming Slawsby received the letter sent to him, the evidence afforded by the sequence of events would warrant a finding that the plaintiff was the efficient cause of the sale of the Colbourne Crescent premises which followed upon the meeting of Slawsby and the defendant. The case was therefor rightly submitted to the jury if the evidence warranted a finding that the letter was sent to and received by Slawsby and the contents of the letter were as testified to by the daughter of the plaintiff.

The contention of the defendant that no evidence of the contents of the letter was admissible because there was no direct evidence that it was received by Slawsby and be-

cause the plaintiff was bound by the testimony of Slawsby, having called him as a witness, is unsound. The testimony of Slawsby that he lived at No. 396 Main Street is not inconsistent with his having had his office at 91 Main Street, where his mail was received. Indeed, Slawsby testified that he had received letters from Fleming at various times, and the jury might well infer that the letter last sent was addressed as prior letters admitted to have been received were addressed. Assuming the letter was received, there was no error in allowing the witness to state its contents as nearly as she could recall. There "are no degrees in secondary evidence." *Commonwealth* v. *Smith,* 151 Mass. 491, 495. *Smith* v. *Brown,* 151 Mass. 338. The force of the testimony that Slawsby did not receive the letter at most was evidence to rebut the *prima facie* case made out by the proof, if believed by the jury, that the letter was properly addressed to Slawsby with postage prepaid and that it was deposited in a United States mail box. *Briggs* v. *Hervey,* 130 Mass. 186. *Hedden* v. *Roberts,* 134 Mass. 38. *Marston* v. *Bigelow,* 150 Mass. 45. *Electric Welding Co. Ltd.* v. *Prince,* 195 Mass. 242, 259. *Massachusetts Biographical Society* v. *Howard,* 234 Mass. 483. *Eveland* v. *Lawson,* 240 Mass. 99. *Swampscott Machine Co.* v. *Rice,* 159 Mass. 404, 406, is authority for the position that the fact that the addressed envelope bore a direction to return if not delivered is in itself evidence of delivery in connection with other superscription on the envelope. In the circumstances here disclosed, the evidence which denied the receipt of the letter raised an issue of fact in rebuttal of the *prima facie* case made out by the evidence that the letter was properly addressed and mailed, and required the issue of delivery to Slawsby or not to be submitted to the jury.

We find no error in the conduct of the trial.

*Exceptions overruled.*