ALBERT GROVER *vs.* JOHN SMEAD.

SAME *vs.* AGNES SMEAD.

Suffolk.     May 12, 1936. — June 30, 1936.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Presumptions and burden of proof, Best and secondary, Public record. *Motor Vehicle,* Registration.

In an action for damage resulting from a collision of an automobile of the plaintiff with that of the defendant, the burden of establishing a defence that the plaintiff's automobile was not properly registered is on the defendant.

A purported copy of a registration of a motor vehicle, certified as a true copy by the registrar of motor vehicles, is *prima facie* evidence only and parol evidence is admissible to prove that it is not a true copy of the original.

*Whether* misdescription as a sedan of a motor vehicle which was a coupé would invalidate a registration, was not decided.

Two ACTIONS OF TORT. Writs in the Superior Court dated August 20, 1931, and August 26, 1931, respectively.

The actions were tried together before *F. T. Hammond*, J. In each action there was a verdict for the plaintiff in the sum of $8,500. The defendants alleged exceptions.

*M. Z. Kolodny,* for the defendants.

*Arthur L. Brown,* for the plaintiff.

QUA, J. These are actions for personal injury and damage to the plaintiff's automobile arising out of a collision which occurred in Northampton on May 8, 1931. The defendants contend that the plaintiff's automobile, which was admittedly a coupé, was not properly registered and was therefore a nuisance upon the highway. *Dudley* v. *Northampton Street Railway*, 202 Mass. 443.

As to this defence the burden of proof rested upon the defendants. *Conroy* v. *Mather*, 217 Mass. 91, 94. To sustain this burden the defendants introduced what purported to be a copy of the certificate of registration issued to the plaintiff in 1931, certified as such in 1932 by the registrar of motor vehicles, wherein the automobile was described as a "Sedan." But it also appeared in the course of the defence and is not disputed that it was the practice of the registrar to retain in his records only the application, so that when the purported copy of the certificate of registration was certified in 1932, the registrar had in his records neither the original certificate of registration nor any copy of it, and was able to make out the purported certified copy only by reason of his knowledge of the forms in general use in 1931, by filling in the blanks with the necessary information taken from the application, which was then still on file, and by relying upon the practice of the office of checking the original certificates with the applications to see that they agreed in details before the original certificates were issued to the applicants.

By the time of the trial the application had been destroyed. No copy of it was offered. In this state of the case the plaintiff was allowed to rebut the evidence of the certified copy of the certificate of registration by his own testimony that he could not tell where the original certificate of registration was, that he had "disposed of it in some way," that the last time he looked at it was "possibly about four years ago," and that in both the application and the certificate of registration his automobile was described as a coupé.

Whether misdescription of a coupé as a sedan would invalidate a registration we need not decide, for in our opinion the evidence in rebuttal was competent, and the jury were properly permitted to find that the automobile was in fact registered as a coupé. The testimony of the plaintiff could be found to show that at the time of the trial the original certificate of registration had been lost or destroyed. This would admit parol evidence of its contents (*Nelson* v. *Boynton*, 3 Met. 396, 404), unless the certificate of the registrar purporting to certify to the existence in the registry of a record of the certificate of registration and to its contents had some peculiar force in excluding parol proof. We think it had no such force. As a rule the law does not regard the certificates of ordinary administrative officers to facts within their knowledge as possessing any peculiar sanctity. See Wigmore on Evidence (2d ed.) § 1674. Where such certificates are issued by authority of law, doubtless they are, within the scope of the authority (see *Greene* v. *Durfee*, 6 Cush. 362, 363), *prima facie* evidence of the facts stated and will control in the absence of evidence to the contrary, but in general they may be rebutted, though with some exceptions, notably in the case of judicial records. There are a number of decisions and intimations to this effect in this Commonwealth as to various kinds of certificates, including certified copies of records. *Minot* v. *Bridgewater*, 15 Mass. 492. *Bruce* v. *Holden*, 21 Pick. 187, 191. *Young* v. *Capen*, 7 Met. 287, 289. *Baker* v. *Moffat*, 7 Cush. 259. *Commonwealth* v. *Corkery*, 175 Mass. 460, 462. *O'Connell* v. *Dow*, 182 Mass. 541, 549. *Dean* v. *Boston Elevated Railway*, 217 Mass. 495, 497. *Commonwealth* v.

*Kozlowsky*, 238 Mass. 379, 384. *Commonwealth* v. *Slavski*, 245 Mass. 405, 417. *Commonwealth* v. *St. John*, 261 Mass. 510, 521. In *United States* v. *Wiggins*, 14 Pet. 334, 346, it was held that a copy of a land grant certified by the secretary of the Spanish government of East Florida was only *prima facie* evidence both as to the existence and as to the contents of the record. Of similar purport is *Weslaco* v. *Porter*, 56 Fed. (2d) 6, 9.

In the present cases the principle of those cases should apply. The defendants were attempting to prove the wording of the certificate of registration. Evidence introduced by the defendants themselves shows that this certificate was never a part of the registrar's records. It is frequently stated that there "are no degrees in secondary evidence." *Fleming* v. *Doodlesack*, 270 Mass. 271, 275. If the defendants' argument prevails the plaintiff will be absolutely bound by the wording of a purported certified copy of a record when no such records were kept and when therefore no recourse can be had to any original for verification. The law does not require this result. *Brier* v. *Woodbury*, 1 Pick. 362, 368. *Gagnon* v. *United States*, 193 U. S. 451, 456. *United States* v. *Brelin*, 166 Fed. 104. *Weslaco* v. *Porter*, 56 Fed. (2d) 6. See *Commonwealth* v. *Smith*, 151 Mass. 491, 495; *Gilmore* v. *Whitcher*, 6 Allen, 113; Wigmore on Evidence (2d ed.) § 1269 and cases cited, § 2453. There is nothing to the contrary in G. L. (Ter. Ed.) c. 233, § 76, or in G. L. (Ter. Ed.) c. 90, § 30.

*Exceptions overruled.*