JOHN KOREY & another,[1] trustees, *vs.* IRVING H. SHEFF
& another.[2]

Suffolk.    February 12, 1975. — May 15, 1975.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Landlord and Tenant,* Extension or renewal of lease, Notice.    *Notice.*
*Practice, Civil,* Requests, rulings and instructions.

Under a lease which provided that "[t]he lessee shall have the option
to renew this lease . . . if notice is given in writing to the lessor" and
"any such notice to the Lessor shall . . . be deemed duly given if and
when mailed by registered mail," an assertion by the defendants in
their opening that notice was given by posting a letter by ordinary
mail addressed to the plaintiffs at their place of business was suffi-
cient to allege an exercise of the option to renew. [267-268]
In an action in summary process and for damages, a motion for a new
trial on the grounds that the plaintiffs were denied their right to.
file requests for rulings of law, to file requests for findings of fact,
and to make closing argument, was properly denied where the plain-
tiffs failed to file timely requests for rulings of law as required by
Superior Court Rule 71 (1954); where the plaintiffs first sought to
file requests for findings of fact after the judge had made his find-
ings and rulings, and the judge's refusal to allow the plaintiffs to file
such requests amounted to the exercise of his discretionary power
to refuse to make the findings requested; and where the plaintiffs
had waived their right to make a closing argument. [268-269]

SUMMARY PROCESS.    Writ in the Municipal Court of the
City of Boston dated September 18, 1970.

Upon appeal to the Superior Court, the case was heard
by *Ponte,* J.

*Stephen F. Clifford* for the plaintiffs.
*William F. Wallace* for the defendants.

ROSE, J.    This is an action in summary process and for
damages. In the Superior Court, the judge, sitting without
a jury, found that the defendants (tenants) had timely

[1] L. Michael Kaye.
[2] John W. McGarry.

Korey *v.* Sheff.

exercised an option to renew pursuant to the then current lease and were lawfully in possession for a new five year term at the rent provided for the renewal period.

The plaintiffs (landlords) argue that the judge committed error in making his findings and rulings, and in denying their motions for a finding for the plaintiffs, for a new trial, and to reopen the trial. Exceptions claimed by the plaintiffs, but not argued in their brief, are deemed waived. The record includes the findings and rulings of the judge and the transcripts of the proceedings. Timely exceptions were taken by the plaintiffs only to the denial of their motion for a finding in their favor on the defendants' opening and pleadings and to the denial of their motions for a new trial and to reopen the trial. Since no timely exception was taken to the denial of the plaintiffs' motion for a finding in their favor on the evidence and pleadings, or to the findings and rulings of the trial judge, see Superior Court Rule 72 (as amended effective October 31, 1969), we do not consider the questions that could have been raised thereby. See *Krinsky* v. *Pilgrim Trust Co.* 337 Mass. 401, 408 (1958); *Herbits* v. *High-Speed Process Printing Corp.* 356 Mass. 740 (1970).

1. The plaintiffs argue, in effect, that under the provisions of the lease the defendants could exercise their option to renew the lease only by means of notice sent by registered mail. This question comes before us solely upon the exception to the denial of the motion for a finding for the plaintiffs on the defendants' opening.[3] The lease provided in part in article X, "[t]he lessee shall have the option to renew this lease . . . if notice is given in writing to the lessor . . ." and in article XIII, "any such notice to the Lessor shall . . . be deemed duly given if and when mailed by registered mail . . . ." These provisions do not *require* that written notice be sent by registered mail, to the exclusion of other modes of transmission, in order effectively to ex-

---

[3] The motion for a finding for the plaintiffs also encompassed the pleadings, but the plaintiffs fail to argue this point and we deem it waived.

Korey *v.* Sheff.

ercise the option to renew. Contrast the lease provision quoted in *Gerson Realty Inc.* v. *Casaly*, 2 Mass. App. Ct. 875 (1974).[4] Actual receipt of written notice would fulfill the notice requirement of the renewal provision of the lease,[5] and since the posting of a letter by ordinary mail, addressed to a party at his place of business (which the defendants stated in their opening they were prepared to prove), is prima facie evidence that it was received in the ordinary course of the mails (*Marston* v. *Bigelow*, 150 Mass. 45, 53-54 [1889]; *Fleming* v. *Doodlesack*, 270 Mass. 271, 275 [1930]), there was a sufficient assertion in the opening of a timely exercise of the option to renew. Therefore we need not reach the question whether there was a sufficient assertion of facts which would warrant a finding that the plaintiffs waived the notice requirement of the lease.

2. On January 17, 1974, after hearing the evidence and after the defendants concluded their final argument, the judge requested an off-the-record conference to urge the parties to reach a settlement. The parties agreed and were granted one week within which to effect the settlement. At the end of that week, the judge, having received notice from plaintiffs' counsel through the clerk in the session that such efforts had failed, entered his findings and rulings on February 4, 1974. The plaintiffs, contending that they were denied their right (a) to file requests for rulings of law, (b) to file requests for findings of fact, and (c) to make closing argument, filed motions to reopen the trial or, alternatively, for a new trial. (a) Under Superior Court Rule 71 (1954), in effect at the time of this proceeding, requests

---

[4] The *Gerson* case is also distinguishable for the reason that there was no dispute as to the fact of delivery of notice.

[5] It is generally held that timely notice of intent to exercise an option to renew is effective upon receipt of such notice. See *Cities Service Oil Co.* v. *National Shawmut Bank*, 342 Mass. 108, 110, n. 1 (1961); *Dynamics Corp. of America* v. *United States*, 389 F. 2d 424, 431-432 (Ct. Cl. 1968); Corbin, Contracts, § 264, p. 521 (1963); Williston, Contracts, § 853, p. 222 (3d ed. 1962); Schwartz, Lease Drafting in Massachusetts, § 5.21 (1961).

for rulings of law were required to be made prior to closing argument by either party, absent special leave to file late. See *Commonwealth* v. *Hassan,* 235 Mass. 26, 30-32 (1920). (b) The plaintiffs concede that the judge was not required to make requested findings of fact, see *Wrobel* v. *General Accident Fire & Life Assurance Corp. Ltd.* 288 Mass. 206, 209 (1934), but argue that they were entitled as a matter of right to file such requests. Assuming, without deciding, that such a right did exist, in the circumstances of this case, in which the plaintiffs first sought to file requests for findings of fact after the judge had made his findings and rulings, there was no substantial difference between the judge's refusal to allow the plaintiffs to file requests for findings of fact and the exercise of a discretionary power to refuse to make the findings requested. (c) We need not concern ourselves with the plaintiffs' claim that they were denied the right to make a closing argument, as it is apparent that the plaintiffs waived any such right at the hearing on the above motions.

*Judgment for the defendants.*