**GETTY REFINING AND MARKETING COMPANY**

v.

**H.F. ZWIEBEL, et al.**

**Civ. No. N–81–550 (PCD).**

United States District Court, D. Connecticut.

March 19, 1985.

Louis B. Blumenfeld, Cooney, Scully & Dowling, Hartford, Conn., for plaintiff.

Robert F. Moriarty, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for defendants.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

Plaintiff, Getty Refining and Marketing Company, seeks specific performance of an option to purchase property which is the subject of a lease between plaintiff and defendants, H.F. Zwiebel and Muriel T. Zwiebel. Jurisdiction is invoked pursuant to 28 U.S.C. § 1332, on the basis of diversity citizenship. Plaintiff has moved for summary judgment, Fed.R.Civ.P. 56, asserting that there is no genuine issue of fact and that it is entitled to summary judgment as a matter of law. For the reasons stated below, plaintiff's motion is granted.

### I.

Certain facts are undisputed. A lease was executed by defendants, as lessors, and the Tide Water Associated Oil Company, as lessee, on July 19, 1955. The lease-hold commenced on September 7, 1956. The original term was fifteen years beginning on the commencement date. Thereafter, Tide Water Associated Oil Company changed its name to Tide Water Oil Company and subsequently merged with and into Getty Oil Company. By written assignment and assumption dated March 14, 1972, Getty Oil Company assigned and conveyed its right, title and interest in the lease to Getty Oil Company (Eastern Operations), Inc., which subsequently changed its name to Getty Refining and Marketing Company, plaintiff herein.

· The lease contains a provision granting lessee the option to purchase the subject property for a fixed price. Paragraph 15 of the lease states, in pertinent part:

Lessor hereby grants to Lessee the option to purchase said premises ... at the end of the 15th year of this lease or any extension thereof.... Such option may be exercised by written notice from Lessee to Lessor to that effect.

The lease was extended for two five-year periods as provided by Paragraph 14:

Lessor hereby grants to Lessee the option to extend the term of this lease for two additional periods of five years each ... upon thirty dayys' [sic] written notice to that effect directed to Lessor at Lessor's aforesaid address, or delivered to Lessor personally, prior to the expiration of the term aforesaid or any extension thereof.

The lease finally expired on Sunday, September 6, 1981, at the end of the second five-year extension. The parties agree that prior to September 6, 1981, an agent of plaintiff contacted defendants' attorney by telephone and informed him that plaintiff intended to exercise the option to purchase the property. On September 2, 1981, plaintiff sent a letter to defendants by certified mail, return receipt requested, addressed to defendants' Florida address. This letter was subsequently forwarded to defendants' Connecticut address and was actually received in Connecticut on September 9, 1981. A second letter was sent by plaintiff on September 3, 1981, by certified mail, return

receipt requested, to defendants' Connecticut address and was actually received on September 9, 1981. Both letters notified defendants that plaintiff was exercising the option to purchase in accordance with Paragraph 15 of the lease. Defendants refused to convey the property claiming that the option had not been effectively exercised prior to the expiration of the lease. Plaintiff then instituted this action seeking specific performance.

## II.

Plaintiff makes four claims:

1. Since Paragraph 15 provides that the option *"may* be exercised by written notice" (emphasis added), verbal notice was not precluded but was a permissible method of giving notice and it has done so.

2. The option was to purchase "at the end of the 15th year ... or any extension thereof." Thus, notice before the expiration date was not required as long as the option was exercised within a reasonable time after the expiration date. It claims to have done so.

3. If notice prior to the expiration date was required, the mailing of notices to the Florida and Connecticut addresses of defendants complied with the requirement.

4. If notice of the exercise was effective only if received prior to the expiration, the letter sent to Florida complied as the failure of its receipt was caused by defendants having moved from that address at which the notice would have been received but for their move back to Connecticut.

## III.

A.

Summary judgment will be granted if the moving party sustains the burden of proving that (1) there are no genuine issues of material fact, and (2) the moving party is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157–61, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970). In determining whether summary judgment is appropriate, the court does not try issues of fact, but determines whether there are triable issues of fact. *Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 244 (2d Cir.1984); *Heyman v. Commerce & Industry Ins. Co.,* 524 F.2d 1317, 1319–20 (2d Cir.1975). All ambiguities must be resolved and all reasonable inferences drawn against the moving party. *Katz,* 737 F.2d 238; *Schwabenbauer v. Board of Educ.,* 667 F.2d 305 (2d Cir.1981).

Defendants argue that genuine issues of material fact clearly exist and point to three issues upon which conflicts in the evidence and interpretations are asserted: (1) Defendants' proper address for receiving notices from plaintiff; (2) proper method of communicating intent to exercise the option to purchase; and (3) the time period within which notice must have been given. These are questions of construction, not of facts. Resolution of this case may be made on undisputed facts. The letter sent by plaintiff on September 3, 1981, to defendants' Connecticut address effectively exercised the option to purchase under the terms of the lease.

Paragraph 15 provides that the lessee has an option "at the end of the 15th year of this lease or any extension thereof." The option "may be exercised by written notice from Lessee to Lessor to that effect." The requirement is not expressed in terms of actual notice. The question, therefore, is whether notice of exercise of the option was effective when mailed by plaintiff.

The Connecticut Supreme Court has addressed, albeit obliquely, the issue of the effectiveness of notice in *Parkway Trailer Sales, Inc. v. Wooldridge Bros.,* 148 Conn. 21, 166 A.2d 710 (1960). There, the lease contained an option to purchase which could be exercised at any time during, or at the end of, the term of the lease or extension thereof. Plaintiff-lessee sent a letter to defendant-lessors, prior to the expiration of the renewal term, notifying defendants of plaintiff's exercise of the option. The lease was silent regarding the manner in which the option was to be exercised and defendants, while acknowledging receipt of

the letter before the expiration of the extension, claimed that effective exercise could be accomplished only by tender of the purchase price. Noting that the lease failed to specify any particular method of exercising the option, the court stated that the lease "conferred a privilege upon the plaintiff which did not become binding upon any party until the plaintiff notified the defendants that it was taking up the option. This it did when its attorney *sent* the letter of April 17, 1957 to Wooldridge. *Thereupon* a binding bilateral contract came into being...." *Id.* at 25, 166 A.2d 710 (emphasis added). The court appears to have accepted the trial court's characterization of the letter as accepting a continuing offer, creating a new, bilateral contract between the parties upon defendants receipt of the notice.[1] Performance of that contract was required within a reasonable time after expiration of the lease. Thus, the distinction drawn by the trial court between the exercise of the option and the creation of a bilateral contract of sale "which came into being when the defendants received notice that the option was being exercised," was sustained. Regardless of when that contract was created, the notice of exercise of the option was effective when sent. *Id.*

In *White v. RCA Serv. Co.*, 234 N.W.2d 153 (Iowa 1975), the landlord brought an action to eject the tenant from the leased premises. The lease gave the tenant "the right to extend the term of this lease ... by giving written notice to that effect to the Landlord on or before February 1, 1971." The tenant mailed a letter of intent to exercise the option on January 29, 1971. Although the letter was not received by the landlord until February 4, 1971, the tenant was held to have complied with the provision governing the option and that the notice was complete when it was mailed. *See also, Shubert Theatrical Co. v. Rath*, 271 Fed. 827 (2d Cir.1921) (applying New York law and holding that notice of exercise of option was effective when mailed).

Defendants cite a number of cases declining to apply the "mailbox rule" to option contracts and urge adoption of the reasoning of those cases in determining the effectiveness of the notice in this case. However, even if the Connecticut court had not spoken on the subject, the language of the lease itself undercuts defendants' argument. Paragraph 18 specifically states that all notices "shall be deemed to be duly given if *forwarded* by either party, by registered mail, to the other party at such party's address appearing at the beginning of this lease...." (Emphasis added). The term "forward" is defined as meaning to transmit or to send toward the place of destination. Black's Law Dictionary, Fifth Edition (1979). Therefore, the lease itself contemplates effective exercise of the option upon the dispatch of notice and not necessarily upon receipt. A similar case was *Hill v. Gulf Oil Corp.*, 200 Va. 287, 105 S.E.2d 625 (1958), where the lessee had an option to purchase upon written notice mailed to the lessors no later than December 14, 1956. The lessee mailed a letter of notice of intent to exercise the option on December 14, 1956, which was never received by lessors and was finally returned to lessee on December 31, 1956. The notice was held to be sufficient under the terms of the lease. In response to the lessor's contention that actual notice was required, the court stated:

> The ready answer to this contention is that the contract between the parties does not require 'actual notice,' nor does it specify that the notice is to be ineffective unless and until it is received by the lessors.

The parties were held to have agreed that a properly mailed notice was effective when sent. So in this case, there is no requirement of actual notice and Paragraph 18 specifies the effectiveness of a written notice when mailed. The parties did not specify that notice could be effective only on

---

1. The trial court opinion is contained in the Connecticut Supreme Court records and briefs

(November 1960 Term).

receipt. They could have so provided. They did not. The court may not, and will not, supply an added term to the agreement now deemed desirable by one party.

■ Defendants also claim that plaintiff's notice does not satisfy Paragraph 18 because the letters were sent by certified mail, rather than registered mail as specified in Paragraph 18. In *Korey v. Sheff*, 3 Mass.App. 266, 267, 327 N.E.2d 896 (1975), the lease provided that any notice exercising an option to renew "shall be deemed duly given if and when mailed by registered mail." The provision was held not to require that notice be sent by registered mail but rather a letter sent via ordinary mail was considered a timely exercise of the option. *See also, Gerson Realty, Inc. v. Casaly*, 2 Mass.App. 875, 316 N.E.2d 767 (1974); *Fletcher v. Frisbee*, 119 N.H. 555, 404 A.2d 1106 (1979).

The language of Paragraph 18 is similar to the clause interpreted in *Korey*. Registered mail is specified. However, the provision does not expressly exclude other methods of transmission, such as certified mail. Defendants have cited no authority to support so restrictive a reading of Paragraph 18 which would condition the effectiveness of notice on the use of one method of transmission. The letter sent by plaintiff, via certified mail, return receipt requested, to defendants' Connecticut address, therefore, satisfied the requirements of Paragraph 18 and constituted effective notice of the exercise of the option to purchase.

B.

■ The result would be the same even if notice was not effective until received by defendants. Under the terms of the lease, the option to purchase must be exercised *"at the end of* the 15th year of this lease or any extension thereof...."* (Emphasis added). The interpretation of the language of a lease is a question of law for the court. *Robinson v. Weitz*, 171 Conn. 545, 551, 370 A.2d 1066 (1976); *Libero v. Lumbermens Mut. Cas. Co.*, 143 Conn. 269, 275, 121 A.2d 622 (1956). The Connecticut Supreme Court has stated that "[i]n construing a lease the 'controlling factor is the intent expressed in the lease, not the intent which the parties may have had or which the court believes they ought to have had.'" *Robinson*, 171 Conn. at 551, 370 A.2d 1066, quoting from *Ingalls v. Roger Smith Hotels Corp.*, 143 Conn. 1, 6, 118 A.2d 463 (1956).

Although the Connecticut courts have not interpreted the provision involved here, courts in other jurisdictions have held that the phrase "at the end of" the term means within a reasonable time after expiration of the lease. *Sparkman v. Etter*, 249 Ark. 93, 458 S.W.2d 129 (1970); *Getzandaner v. Erbstein*, 341 Ill.App. 594, 94 N.E.2d 746 (1950); *Davidson v. Crump Mfg. Co.*, 99 Mich. 501, 58 N.W. 475 (1894).

In the case at bar, the lease does not contain any language expressly requiring notice before the expiration date of the term of the lease. The phrase "at the end of" in Paragraph 15 must be interpreted to mean within a reasonable time after expiration if the provision is to have any practical effect. Such an interpretation is appropriate especially in light of the language of Paragraph 14 which specifically requires notice of renewal prior to the expiration date of the term. If the parties had intended to require notice prior to expiration it could easily have been so provided. The use of the flexible phrase "at the end of" manifests an intention of the parties to allow exercise of the option within a reasonable time of the lease's expiration.

■ What constitutes a reasonable time is generally a question of fact for the jury. *International Tool & Gauge Co. v. Borg*, 145 Conn. 644, 145 A.2d 750 (1958); *Loomis v. Norman Printers Supply*, 81 Conn. 343, 71 A. 358 (1908). However, the question need not be submitted to the trier of fact if there is only one conclusion which is reasonably possible. *Id.* at 347, 71 A. 358. In this case, it is undisputed that plaintiff mailed the letter giving notice on September 3, 1981, to defendants' Connecticut address. Delivery, dependent on the Postal Service, could have occurred on September 4th or 5th. The lease expired on

Sunday, September 6, 1981. Monday, September 7, 1981, was a legal holiday. Delivery of the letter was attempted on Tuesday, September 8, 1981, but could not be completed because defendants were not at home to sign the receipt. Defendants finally received the letter on Wednesday, September 9th. Under the circumstances, as a matter of law, actual receipt of the notice occurred within a reasonable time and the letter, therefore, effectively exercised the option to purchase.

Since this court has determined that the option to purchase was effectively exercised by the September 3, 1981, letter, it is unnecessary to address plaintiff's other claims.

For the reasons stated above, summary judgment shall enter.

Plaintiff shall prepare, on or before March 29, 1985, an appropriate judgment including an order with respect to conveyance and defendants shall comment on the form of the proposed judgment on or before April 5, 1985.

SO ORDERED.